267 N.J. Super. 602 (1993)
632 A.2d 540
JOHN H. SPROWL AND NANCY SPROWL H/W AND SPROWL AMBULANCE SERVICE INC., D/B/A SPROWL AMBULANCE TRANSPORT, PLAINTIFF-APPELLANT,
v.
THOMAS G. KITSELMAN, DEFENDANT-RESPONDENT. DONATO IPPOLITO AND JOSEPHINE IPPOLITO, HIS WIFE, PLAINTIFF-RESPONDENT,
v.
GREATER PATERSON GENERAL HOSPITAL, VANDEETO ASSOCIATION, GREATER PATERSON GENERAL PROFESSIONAL BUILDING AND JOHN DOE 1 THROUGH X, (X BEING A NUMBER AS YET UNDETERMINED) BEING PERSONS OR CORPORATIONS WHOSE IDENTITIES ARE PRESENTLY UNKNOWN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued September 28, 1993.
Submitted September 28, 1993.
Decided October 29, 1993.
*604 Before Judges PRESSLER,[1] DREIER and BROCHIN.
David J. Anderson argued the cause for appellants Sprowl (David E. Ferguson & Associates, attorneys; Mr. Anderson, on the brief).
Lawrence S. Berger argued the cause for respondent Kitselman (Powell, Birchmeier, Berger & Powell, attorneys; Mr. Berger, on the brief).
*605 Scanlon, Spell & Akin, attorneys for appellant The Wayne Professional Building, improperly named as The Greater Paterson Professional Building, et al. (John J. Scanlon, on the brief).
Breslin & Breslin, attorneys for respondents Ippolito (Donald A. Caminiti, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Appellants in these cases seek a review of judgments adjudicating the effect of their inaction on plaintiffs' rights to arbitration under R. 4:21A-1 et seq. In each case the neglectful attorney seeks to bring the matter within the "extraordinary circumstances" exception to the filing deadlines explained in Mazakas v. Wray, 205 N.J. Super. 367, 371, 500 A.2d 1085 (1985); see also Gerzsenyi v. Richardson, 211 N.J. Super. 213, 217, 511 A.2d 699 (1986). We consolidate the appeals for the purpose of this opinion only.
In the matters before us, we must determine whether to apply the Mazakas standard (1) to the fifty-day time limitation for confirmation of an arbitration under R. 4:21A-6(b)(2) and (3) (in Ippolito), and (2) to an application to vacate a dismissal of the complaint where the arbitration was defective because of the failure to notify plaintiffs' attorney of the hearing, and where counsel after learning of the arbitration award neglected to take appropriate timely action (in Sprowl). We determine that in both of the situations presented to us the stringent "extraordinary circumstances" standard is inapplicable.

Ippolito v. Greater Paterson General Hospital
In Ippolito, defendants appeal from a Law Division judgment confirming an arbitration award, after an arbitration held pursuant to R. 4:21A-1 et seq. The arbitration award was filed June 12, 1992, and after the passage of the thirty-day period when either party could request a trial de novo (R. 4:21A-6(b)(1); N.J.S.A. *606 39:6A-31), plaintiffs' attorney forwarded signed releases to defense counsel. Nothing more occurred until plaintiffs' attorney received an order of dismissal of the complaint. It had been entered by the court since fifty days had expired from the date of the award and no consent order nor motion for confirmation had been filed. See R. 4:21A-6(b)(2) and (3). The trial court vacated the dismissal and confirmed the arbitration award.
The Ippolito plaintiffs' counsel had forwarded the signed releases to defendants' attorneys, who failed to object or in any way indicate that the delay in returning the settlement draft was caused by anything more than their client's or carrier's inability to process the papers and obtain the requisite signatures in a timely manner. Plaintiffs and their attorneys could reasonably have expected that, absent some affirmative indication from their adversaries, the arbitration award was final and that a motion to confirm the award was unnecessary.[2]
The trial judge noted that defendants' position became clear only after the fiftieth day had passed. They wanted the case dismissed or, in the alternative, the matter listed for a trial de novo. Plaintiffs' arbitration award for $24,750 would have therefore been extinguished. The trial judge stated that arbitration is favored and finality in the proceedings is sought. The trial judge also noted that defendants neither sought a trial de novo within thirty days of the award nor moved to enlarge the time for doing so. On this basis, the trial judge determined to set aside the dismissal and confirm the arbitration award.
We agree with the action taken by the trial judge. A procedural dismissal, even if provided for by court rule, is subject to vacation under the standards set forth in R. 4:50-1, provided that there has been no detrimental reliance upon the parties' failure to confirm the award in a timely manner. We see no reason to bar a reasonable extension of time if the explanations *607 given by the party seeking to confirm the award meet the standards of R. 4:50-1.
The Supreme Court in Heffner v. Jacobson, 100 N.J. 550, 555, 498 A.2d 766 (1985), relied upon a permissive "may" defining the prevailing party's duty to move for confirmation of a statutory arbitration award within the three months provided in the general arbitration statute. N.J.S.A. 2A:24-7. The Court there permitted the prevailing party to use an alternative method of confirming an award after the three months had run, namely, starting a new action to confirm common-law arbitration, and then moving summarily for judgment. The court rule in the case before us, R. 4:21A-6(b), uses a mandatory "shall," but is subject to relaxation under R. 1:1-2 and R. 1:3-4(a). Mazakas v. Wray, 205 N.J. Super. at 372, 500 A.2d 1085. Also, there is no statutory restriction on the fifty-day motion to confirm, as there is with the thirty-day time period to demand the trial de novo. N.J.S.A. 39:6A-4.
If a late application to confirm the award is made prior to the entry of the order dismissing the case, the fifty-day provision may be relaxed unless good cause to the contrary is shown. If relief is sought after the entry of the order, as in the Ippolito matter, the standards of R. 4:50-1 shall control.

Sprowl v. Kitselman.
In Sprowl, plaintiffs have appealed from the dismissal of their automobile negligence complaint on the basis of an automobile arbitration decision finding of "no cause." Plaintiffs failed to file a trial de novo request within thirty days, see R. 4:21A-6(b)(1), N.J.S.A. 39:6A-31, and the trial court later dismissed the complaint. Plaintiffs' attorney claims that he had not received timely notice of the final arbitration proceeding and therefore did not attend, resulting in the no cause award. Thereafter he thought he had filed a motion for the trial de novo, but it was never sent out by his office. He had no cross-check procedure and therefore is faced with this predicament. He claims that the complaint should be reinstated.
*608 Here we see a case of the attorney's failure to have a proper follow-up procedure to verify that required actions had been taken. There had been three successive failures to appear at scheduled arbitration hearings. The first two failures were explained by the attorney, asserting that the trial counsel who should have appeared was actually associated with a Philadelphia law firm, notwithstanding that the averring attorney was counsel of record. When notices were received in any matter where the name of the Philadelphia attorney (who also was admitted in New Jersey) appeared on the envelope, the letter merely would be forwarded to Pennsylvania without reference to its contents. Therefore, when arbitration notices or any other similar notices were received by the counsel of record, he would make no note of them, and would just assume that his Philadelphia associate would appear. On two successive occasions the Philadelphia attorney did not appear, and finally the New Jersey attorney was notified of a dismissal. He then moved successfully before the Law Division for an order vacating the dismissals and reinstating the matter.
Thereafter, the matter was scheduled for a third time but, according to the attorney's unimpeached certification, he had received no notice of this hearing. On the day of the hearing, as he was leaving the office to appear in a fee arbitration proceeding that could not be adjourned, he received a telephone call informing him that the arbitration proceeding had been scheduled for that time and if he did not appear the proceeding would be conducted without him. His protestations that he was unable to appear, had received no notice, and that there was no other attorney in the office who could attend (it was a two-attorney firm, and the other attorney was not in the office) were ineffective.[3] He was told that his adversary was there and the arbitration would be concluded. *609 As may be expected, the arbitrators entered a "no cause" against the plaintiffs.
Plaintiffs' attorney realized that he could be relieved of the consequences of this hearing merely by properly requesting a trial de novo. R. 4:21A-6(b)(1). He therefore dictated the request and directed his secretary to send it, together with the appropriate fees. He certifies that this was accomplished well within the thirty days required by R. 4:21A-6(b)(1). Unfortunately, his secretary never carried through with his instruction, and he never monitored the file to see that this was done. Defendant did not seek to confirm the no cause award, and as no consent orders were filed, the case was dismissed fifty days following the arbitration as required by R. 4:21A-6(b)(2) and (3).
The Sprowl case, therefore, presents similar, but more egregious examples of neglect than the Ippolito matter. It is one that involves, not an out-of-time confirmation of an arbitration as in Ippolito, but in effect both a late demand for a trial de novo and a motion to restore the complaint based upon plaintiffs' failure to receive timely notice of the arbitration hearing that resulted in the no cause award.[4] Here, as in the Ippolito case, we do not find parties seeking to relax time requirements in order to defeat arbitration, but rather parties trying to avail themselves of arbitration. Were this only an attempt to obtain the trial de novo, without a basis to attack the arbitration itself and have the complaint restored, the application would clearly be untimely under the Mazakas standard. 205 N.J. Super. at 371, 500 A.2d 1085. Failure to supervise one's secretary does not ordinarily present such "extraordinary circumstances" as will permit an attorney to make a late demand for a trial de novo. Since, however, there is an unimpeached representation that plaintiffs' *610 counsel had no notice of the arbitration hearing, plaintiffs should not be forced to lose their opportunity to arbitrate this matter.[5] The parties may proceed to arbitration and thereafter may either accept the arbitration award, if any, or request a trial de novo.
We note that the defendant in Sprowl is virtually blameless in this matter, and that plaintiffs' counsel could have avoided each step since the arbitration by taking timely action. Our reversal in Sprowl therefore is conditioned upon plaintiffs' attorney paying to defendant all costs, including attorney's fees, related to the new arbitration. This should return the parties to the position they would have been in had plaintiffs' attorney received proper notice of the third application.
In sum, we reiterate that the "extraordinary circumstances" standard of Mazakas v. Wray is applicable to a motion to relax the thirty-day limitation on requests for a trial de novo. R. 4:21A-6(b)(1). Such an application thwarts the effectiveness of a valid arbitration. The courts, however, may apply a more relaxed standard in dealing with applications for relief from the fifty-day dismissal provisions of R. 4:21A-6(b), when such relaxation promotes the finality of an arbitration award.
The order in Sprowl v. Kitselman dismissing the complaint is reversed and the matter is remanded to the Law Division for arbitration pursuant to R. 4:21A-1 et seq. The judgment confirming the arbitration award in Ippolito v. Greater Paterson General Hospital is affirmed.
NOTES
[1] Judge Pressler did not participate in oral argument in the Sprowl matter, but, with the consent of counsel, has been added to the panel deciding the matter.
[2] We acknowledge, however, that in an exercise of prudence, plaintiffs' attorney should have made a motion to confirm as the fiftieth day approached.
[3] It is apparent to us that plaintiffs' attorney fully intended to appear at the rescheduled arbitration. Once the defaults by the Philadelphia attorney were made known to plaintiffs' counsel, immediate efforts were made to restore the matter and obtain an arbitration hearing. It is unlikely that having made these efforts, plaintiffs' counsel would have consciously disregarded the new arbitration notice, had he received it.
[4] Plaintiffs' attorney's attempt to ameliorate the situation by his abortive direction to file a trial de novo request will not preclude his attempt to obtain a restoration of the complaint, and thus the arbitration previously ordered by the trial court.
[5] This is a closer question, but we are mindful of the ramifications if we were to accept defendant's position. The case would be transformed from an automobile negligence action (perhaps to be resolved by arbitration), to a legal malpractice action. The malpractice carrier would, in effect, be responsible for any liability that more properly should be shouldered by the defendant's insurer.