733 A.2d 1229

WILLIO ACCILIEN AND ANGELO ACCILIEN, PLAINTIFFS–APPELLANTS, v. CONSOLIDATED RAIL CORPORATION D/B/A CONRAIL, AND MAHER TERMINALS, INC., DEFENDANTS–RESPONDENTS, AND THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY, JOHN DOE 1–10 AND ABC CORPORATION 1–10, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted July 21, 1999—Decided July 29, 1999.

Before Judges STERN and KIMMELMAN.

*Maria M. Plinio*, attorney for appellants (*Ms. Plinio*, on the brief).

*Ruprecht, Hart & Weeks*, attorneys for respondent Consolidated Rail Corporation (*Adele C. Baker*, on the brief).

*Kenny & Stearns*, attorneys for respondent Maher Terminals, Inc. (*Michael C. Mule*, of counsel and on the brief).

The opinion of the court was delivered by

STERN, P.J.A.D.

Plaintiff, Willio Accilien, appeals from the denial of his motion for "leave to restore this matter to the trial calendar and to file a rejection of arbitration award and for a trial de novo, out-of-time."[1] It is uncontested that the arbitration was conducted under *R.* 4:21A and that the complaint was dismissed on April 1, 1998, after no action was taken by any party for more than fifty days following the arbitrator's determination. On January 27, 1998, the arbitrator found no liability and made no award to plaintiff as "plaintiff has failed to prove his case" against either of the defendants.[2]

We affirm the order substantially for the reasons expressed by Judge Edmond M. Kirby in his oral opinion of June 18, 1998. We add the following in light of the argument before us.

■ Plaintiff argues that in the arbitration:

Plaintiff was prejudiced by: (1) defendant[s'] failure to respond to discovery thereby causing plaintiff to be unable to prove his case at arbitration; (2) by having the arbitrator misapply the law and not forcing defendant[s] to meet their burden; and (3) by being unable to properly evaluate this case and the necessity of obtaining an expert because of defendant[s'] unwillingness to supply certain discovery and the arbitrator['s] decision to reject any other theory of law that could have assisted plaintiff in proving his case without an expert.

---

[1] Angelo Accilien is described in the complaint as "the wife of the Plaintiff, Willio Accilien," and as such, "she is responsible for the medical bills incurred by Plaintiff," as well as "deprived" of Willio's "society, services and consortium due her." The appellant's brief before us refers to plaintiff in the singular, and we do the same.

[2] Plaintiff's complaint against the Port Authority was dismissed although the defendants' cross-claims were not. The Port Authority, therefore, was not a party to the arbitration.

Plaintiff alleges that he suffered permanent injuries while operating a truck at the Maher Terminal when a Conrail locomotive "derailed and collided with plaintiff's vehicle." Plaintiff emphasizes his view that the arbitrator incorrectly concluded that he needed an expert to prove the liability of either defendant involved in the arbitration.

■ If plaintiff is correct, there is a remedy provided by *Rule* 4:21A–6(b). Plaintiff cannot circumvent the Rule by contending that the arbitrator misapplied the law. If plaintiff's approach had merit, every unsuccessful party missing the deadline for challenging the result of an arbitration could make a similar argument, and the *Rule* would have no impact. Because plaintiff did not file his demand for trial *de novo* within thirty days of the arbitrator's award, *R.* 4:21A–6(b)(1), and no action was taken by any party within fifty days, *R.* 4:21A–6(b)(2),(3),[3] dismissal was required. *R.* 4:21–6(b). Plaintiff's complaints concerning the arbitration proceedings and the result of the arbitration do not present "extraordinary circumstances" excusing his tardy application or justifying same. *Hartsfield v. Fantini,* 149 *N.J.* 611, 618–19, 695 *A.2d* 259 (1997); *Wallace v. JFK Hartwyck at Oak Tree Inc.,* 149 *N.J.* 605, 609, 695 *A.2d* 257 (1997). His assertion of a meritorious claim does not suffice as an excuse for the tardy filing.

■ The parties argue whether the dismissal must be with prejudice. Defendants contend that because plaintiffs failed to show "extraordinary circumstances" warranting the late filing of the demand for trial *de novo,* the dismissal of his complaint must be with prejudice. Plaintiff argues that *R.* 4:21A–6(b) requires "dismissal," it does not require it with prejudice; that because "neither party requested" the dismissal, *R.* 4:37–2(a) requires the

---

[3] The fact defendants did not move to confirm within fifty days, *see R.* 4:21–6(b)(3), does not provide an exception to the requirement that "unless" action is taken under subsection (b)(1)(2) or (3), "[a]n order shall be entered dismissing the action following the filing of the arbitrator's award...." Thus, where the arbitrator finds no liability, the defendant need not seek confirmation because the case is to be "dismissed" unless the plaintiff seeks a trial *de novo.*

dismissal to be "without prejudice," particularly because the dismissal order of April 1, 1998 did not state that it was entered "with prejudice"; and that *R.* 4:21A–6 requiring dismissal "does not state that the arbitrator's award shall be automatically converted to a final judgment" when there is no motion to confirm filed within fifty days. Plaintiff contends that a dismissal "with prejudice" would have the effect of a confirmation because of the finding of no liability, even though defendants did not move to confirm the award.

We recognize that the Supreme Court has just held that the failure to move to confirm or vacate an arbitration within the statutory time limit permitted by *N.J.S.A.* 2A:24–7 does not bar a common law action for confirmation. *Policeman's Benevolent Ass'n, Local 292 v. Borough of North Haledon,* 158 *N.J.* 392, 730 *A.*2d 320 (1999). But we do not believe that rationale permits plaintiff to go forward with this case merely because defendants did not move to confirm.[4] Here, a Superior Court case was already pending at the time of the *R.* 4:21A arbitration, and the arbitration flowed from the case. Hence, we are not dealing, as in *PBA, supra,* with a PERC or other arbitration for which judicial review is subsequently sought. *See PBA, supra,* 158 *N.J.* at 393, 730 *A.*2d 320. Moreover, despite the fact that *R.* 4:37–2(a) provides that dismissals for failure to comply with court rules shall be "without prejudice unless otherwise specified in the order," the Supreme Court recently wrote:

> We have recognized that when a plaintiff fails to comply with a statute that creates a cause of action with both substantive and procedural requirements,

---

[4] We recognize that *N.J.S.A.* 2A:23A–26 refers to standards for challenge under *N.J.S.A.* 2A:24–1 *et seq.,* and that the parties agree that this case was subject to arbitration by virtue of *N.J.S.A.* 2A:23A–30 *et seq.,* not *N.J.S.A.* 39:6A–24 *et seq. N.J.S.A.* 2A:23A–26 provides for confirmation of the arbitrator's decision

unless one of the parties petitions the court within 30 days of the filing of the arbitration decision for a trial de novo or for modification or vacation of the arbitration decision for any of the reasons set forth in chapter 24 of Title 2A of the New Jersey Statutes or an error of law or factual inconsistencies in the arbitration findings.

consistent with imputed legislative intent, a dismissal for failure to comply with procedural requirements should be with prejudice unless there are "extraordinary circumstances." In *Hartsfield v. Fantini*, 149 *N.J.* 611, 695 *A.*2d 259 (1997), and the companion case *Wallace v. JFK Hartwyck at Oak Tree, Inc.*, 149 *N.J.* 605, 695 *A.*2d 257 (1997), the Court considered a statute mandating automobile arbitration, *N.J.S.A.* 39:6A–24 to –35, that required that a motion for a trial *de novo* be filed within thirty days and that the failure to file within that time period would result in dismissal of any future court actions. *Hartsfield, supra*, 149 *N.J.* at 615, 695 *A.*2d 259. The Court held that, despite the language of the statute, a late motion would be permitted if the failure to file within thirty days was due to "extraordinary circumstances." *Id.* at 618, 695 *A.*2d 259.

We perceive no basis for not imputing a similar legislative intent in the enactment of the Affidavit of Merit Bill. We conclude that a dismissal under the statute based on a violation of the affidavit requirement would be without prejudice only if there are extraordinary circumstances. Absent extraordinary circumstances, a failure to comply with the statute that requires a dismissal would be with prejudice.

[*Alan J. Cornblatt, P.A. v. Barow*, 153 *N.J.* 218, 246–47, 708 *A.*2d 401 (1998).]

We are satisfied that the reference to *Hartsfield* and *Wallace* in *Cornblatt* suggests that the *R.* 4:21A–6 dismissal shall be with prejudice unless "extraordinary circumstances" are demonstrated. As there was no such demonstration in this case, the dismissal shall be deemed with prejudice.[5]

Affirmed.

---

[5] We are not dealing with a situation in which the arbitrator made an award to a plaintiff and no party took action under *R.* 4:21–6(b) resulting in a dismissal despite the award. Here we deal with a determination of no liability and limit our holding to such a case in which no action was taken by plaintiff under *R.* 4:21A–6(b)(1).