737 A.2d 1158 (1999)
325 N.J. Super. 112
Lisa ALLEN, Plaintiff-Appellant,
v.
HERITAGE COURT ASSOCIATES, Heritage Court Apartments, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted September 14, 1999.
Decided October 18, 1999.
*1160 Wayne Powell, Cherry Hill, for plaintiff-appellant.
Patricia McGlone, West Trenton, for defendant-respondent (Lillian L. Nazzaro and Ms. McGlone, on the brief).
Before Judges SKILLMAN and NEWMAN.
*1159 The opinion of the court was delivered by SKILLMAN, P.J.A.D.
This appeal involves the standard that governs a motion to reinstate a complaint which has been dismissed because of the plaintiff's failure to file a motion to confirm an arbitration award within the fiftyday period allowed under Rule 4:21A-6(b)(3).
On August 21, 1995, plaintiff suffered personal injuries when her foot slipped into a hole in the parking lot of the apartment complex where she lived. Thereafter, plaintiff filed this action against the owner of the apartment complex, defendant Heritage Court Associates, and her claim was submitted to mandatory arbitration pursuant to Rule 4:21A-1(a)(2).
On March 4, 1998, the arbitrators found 100% liability against defendant and awarded plaintiff $15,000 in damages exclusive of prejudgment interest. On April 17, 1998, subsequent to expiration of the thirty-day period for demanding a trial de novo, defendant sent a letter to plaintiff offering to settle the case for $15,000. Plaintiff rejected this offer and made a settlement demand of $22,500.
On May 29, 1998, the trial court entered an order pursuant to Rule 4:21A-6(b)[1] dismissing the case, because neither party had demanded a trial de novo within thirty days of the arbitration award, and the parties had not moved for confirmation or submitted a consent order for dismissal or entry of judgment within fifty days of the award. Defendant subsequently withdrew its offer to settle the case for $15,000.
On June 30, 1998, plaintiff filed a motion to reinstate her complaint. Her attorney's supporting certification stated that the parties had made offers and counteroffers to settle the case during the period between the arbitration award and entry of the order of dismissal. Plaintiff's motion also sought an order placing the case on the "active trial list." The trial court denied the motion in a brief oral opinion which concluded that plaintiff had failed to demonstrate any "extraordinary circumstance to reinstate after the 30 day period."
A motion to extend the time for confirmation of an arbitration award under Rule 4:21A is governed by a different standard than a motion to extend the time for demanding a trial de novo. Sprowl v. Kitselman, 267 N.J.Super. 602, 610, 632 A.2d 540 (App.Div.1993). The time limit for filing a demand for a trial de novo is statutory; N.J.S.A. 39:6A-31, which applies to arbitration proceedings in automobile negligence personal injury actions, and N.J.S.A. 2A:23A-26, which applies to arbitration proceedings in other personal injury actions, both provide that a party must demand a trial de novo within thirty days *1161 of the award.[2] This thirty-day limit may be relaxed only upon a showing of "extraordinary circumstances." Hartsfield v. Fantini, 149 N.J. 611, 618, 695 A.2d 259 (1997).
In contrast, the fifty-day time limit upon the filing of a motion to confirm an arbitration award has no statutory foundation. It is imposed solely by court rule. R. 4:21A-6(b)(3). Moreover, while strict enforcement of the thirty-day limit on a demand for a trial de novo "furthers the stated aims of the compulsory arbitration program, which is to bring about inexpensive, speedy adjudication of disputes and to ease the caseload of state courts," Hartsfield, supra, 149 N.J. at 619, 695 A.2d 259 (1997) (quoting Behm v. Ferreira, 286 N.J.Super. 566, 574, 670 A.2d 40 (App.Div.1996)), a relaxation of the time period for filing a motion to confirm an arbitration award does not "thwart[ ] the effectiveness of a valid arbitration." Sprowl, supra, 267 N.J.Super. at 610, 632 A.2d 540. In fact, a plaintiff who obtains an award in arbitration proceedings under Rule 4:21A commonly receives payment from the defendant without filing a motion to confirm. Thus, the only apparent reason for entry of an order of dismissal when there has not been a timely demand for a trial de novo or motion to confirm, and the parties have not submitted a consent order of dismissal or judgment, is to clear the court calendar of a case which has been finally resolved by arbitration.[3]
For these reasons, we have held that the dismissal of a case pursuant to Rule 4:21-6(b)(3) for failure to file a timely motion for confirmation of an arbitration award is a "procedural dismissal," which is "subject to vacation under the standards set forth in R. 4:50-1." Id. at 606, 632 A.2d 540.[4] A dismissal pursuant to Rule 4:21-6(b)(3) is similar in this respect to a default judgment entered against a party who has failed to file a timely pleading or had an answer stricken because of a violation of the court rules. It is well-established that a motion to vacate a default judgment is "viewed with great liberality." Housing Auth. of Town of Morristown v. Little, 135 N.J. 274, 283, 639 A.2d 286 (1994) (quoting Marder v. Realty Constr. Co., 84 N.J.Super. 313, 318-19, 202 A.2d 175 (App.Div.), aff'd, 43 N.J. 508, 205 A.2d 744 (1964)). The reason courts take an indulgent approach towards such motions is that a default judgment deprives a party of the benefit of an adjudication on the merits. See Hartsfield, supra, 149 N.J. at 618, 695 A.2d 259.
The equitable considerations supporting relief from a procedural dismissal for failure to file a timely motion for confirmation of an arbitration award under Rule 4:21A are even more compelling. A plaintiff who has obtained an arbitration award has already expended the time and money required to present evidence at an arbitration hearing, and the arbitrator or arbitrators who heard the evidence have determined that plaintiff is entitled to a recovery. Furthermore, once the thirtyday period allowed by Rule 4:21A-6(b)(1) and N.J.S.A. 2A:23A-26 for demanding a trial de novo or moving for modification or vacation of the arbitration award has expired, the award is no longer subject to challenge by the losing party except upon *1162 a showing of extraordinary circumstances. Consequently, a motion to confirm is simply a pro forma step to convert the award into a judgment, and as our Supreme Court has pointed out, "in most cases only the rights of the dilatory prevailing party will be affected by his delay in applying to the court for confirmation." Heffner v. Jacobson, 100 N.J. 550, 555, 498 A.2d 766 (1985) (quoting trial court opinion in same case, 185 N.J.Super. 524, 528, 449 A.2d 1334 (Ch.Div.1982)). Therefore, a motion to vacate a dismissal for failure to file a timely motion to confirm an arbitration award should be viewed with great liberality.
Plaintiff's motion for relief from the dismissal of her complaint sought an order reinstating the complaint and "restoring this matter to the active trial list." Although this motion could be read literally to seek reinstatement solely for the purpose of obtaining a trial de novo, we cannot conceive of any logical reason for plaintiff to confine her motion to a plea for that relief, rather than also seeking, in the alternative, to reinstate her complaint in order to obtain confirmation of the arbitration award. Moreover, plaintiff never expressly indicated that she was seeking reinstatement solely to obtain a trial de novo. Consequently, we believe that, in the interests of fairness, plaintiff's motion should be read to seek reinstatement of the complaint to obtain a trial de novo or, in the alternative, confirmation of the arbitration award.
Plaintiff's moving papers alleged that the parties engaged in settlement discussions subsequent to the arbitration award, but that no settlement was reached, and the court subsequently entered an order dismissing the case, whereupon defendant withdrew its settlement offer. In Hartsfield, supra, 149 N.J. at 618, 695 A.2d 259, the Court held that "substantial compliance with the filing limitation and allegations that defendants used negotiations to lull the plaintiffs into missing the filing date [for a demand for a trial de novo] will not constitute `extraordinary circumstances' sufficient to relax the thirtyday rule." Therefore, the trial court correctly concluded that plaintiff was not entitled to have her complaint reinstated for the purpose of obtaining a trial de novo.
However, plaintiff's allegations concerning the parties post-arbitration settlement discussions, which defendant does not dispute, were sufficient to justify reinstatement of the complaint to enable plaintiff to obtain confirmation of the award. The facts of this case are similar to Ippolito v. Greater Paterson General Hospital, one of the companion cases decided by our opinion in Sprowl, supra, 267 N.J.Super. 602, 632 A.2d 540. There, plaintiff obtained an award in an arbitration conducted under Rule 4:21A, and neither party requested a trial de novo within the thirty-day period allowed under the rule. Plaintiff's counsel forwarded signed releases to defense counsel, but nothing more occurred until after expiration of the fifty-day period for filing a motion to confirm. The court then entered an order dismissing plaintiff's complaint. Subsequently, the trial court granted plaintiff's motion to vacate the dismissal and confirm the arbitration award. We affirmed, observing that "[p]laintiffs and their attorneys could reasonably have expected that, absent some affirmative indication from their adversaries, the arbitration award was final and that a motion to confirm the award was unnecessary." Id. at 606, 632 A.2d 540.
Similarly, in this case, after defendant failed to demand a trial de novo or challenge the arbitration award within the thirty-day period allowed under Rule 4:21A-6(b)(1) and N.J.S.A. 2A:23A-26, but instead offered her the amount of the arbitration award, plaintiff could reasonably have expected defendant to pay her at least that amount. Moreover, when defendant indicated that it was withdrawing its offer,[5] plaintiff promptly moved for *1163 relief from the order of dismissal. Under these circumstances, we are satisfied that plaintiff made an adequate showing of "excusable neglect" to warrant relief under Rule 4:50-1(a).
The factual pattern in this case is the converse of the one involved in our recent decision in Accilien v. Consolidated Rail Corp., supra, 323 N.J.Super. 595, 733 A.2d 1229. In that case, the arbitrator found that defendants were not liable, and plaintiff failed to demand a trial de novo within thirty days. Defendants failed to move for confirmation of the no liability arbitration award, and after the expiration of fifty days, the court entered an order of dismissal pursuant to Rule 4:21A-6(b). Plaintiff subsequently moved for reinstatement of his complaint and a trial de novo, arguing that because defendants had failed to move for confirmation of the award, the dismissal of the case should be deemed to be "without prejudice," and he should be allowed to file a late demand for a trial de novo without a showing of "extraordinary circumstances." Id. at 598-99, 733 A.2d 1229. We rejected this argument, concluding that because the statute under which the arbitration had been conducted required a demand for a trial de novo to be filed within thirty days, the courts should strictly enforce the time deadline. However, this holding was limited to a situation where an arbitration results in a determination of no liability and plaintiff fails to make a timely demand for a trial de novo. Our opinion expressly noted that "we [were] not dealing with a situation," such as in the present case, where "the arbitrator made an award to a plaintiff and no party took action under R. 4:21-6(b) resulting in dismissal despite the award." Id. at 600 n. 5, 733 A.2d 1229.
In contrast to the situation in Accilien, an order vacating a dismissal under Rule 4:21A-6(b) to enable a plaintiff to obtain confirmation of an arbitration award does not conflict with any mandate of the statute under which the arbitration was conducted. Most importantly, while failure to strictly enforce the time limit on a demand for a trial de novo may undermine the integrity of the arbitration program, see Hartsfield, supra, 149 N.J. at 619, 695 A.2d 259, an order granting additional time for confirmation of a valid arbitration award promotes the judicial policy of finality of arbitration awards. See Sprowl, supra, 267 N.J.Super. at 606-07, 610, 632 A.2d 540; see also Policeman's Benevolent Ass'n, Local 292 v. Borough of North Haledon, supra, 158 N.J. at 402, 730 A.2d 320 (holding that a party may bring a common law action for confirmation of an arbitration award after expiration of the three month period allowed under the Arbitration Act, and commenting that the denial of the right to maintain such an action would not be "fair, efficient, or reasonable").
Although a motion to vacate a dismissal for failure to file a timely motion to confirm an arbitration award should be viewed with great liberality, litigants should be discouraged from adopting a cavalier attitude towards the requirement that a motion to confirm must be filed within fifty days. Therefore, some sanction should be imposed for plaintiff's failure to comply with this requirement. Accordingly, although we reverse the order denying plaintiff's motion to reinstate her complaint and remand for entry of an order confirming the arbitration award, we direct that prejudgment interest on that award shall be suspended for the period between the expiration of the fifty days allowed for a motion to confirm and the filing date of this opinion. See R. 4:42-11(b) (providing for suspension of prejudgment interest in "exceptional cases").
Reversed and remanded for entry of a judgment confirming the arbitration award in conformity with this opinion.
NOTES
[1] Rule 4:21A-6(b) provides:

An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
(1) within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo...; or
(2) within 50 days after the filing of the arbitration award, the parties submit a consent order to the court detailing the terms of settlement and providing for dismissal of the action or for entry of judgment; or
(3) within 50 days after the filing of the arbitration award, any party moves for confirmation of the arbitration award and entry of judgment thereon.
[2] This thirty-day limit for filing a demand for a trial de novo is also set forth in Rule 4:21A-6(b)(1).
[3] In Policeman's Benevolent Ass'n, Local 292 v. Borough of North Haledon, 158 N.J. 392, 402, 730 A.2d 320 (1999), the Court noted that the statutes governing arbitration proceedings in other jurisdictions generally do not impose any time limit upon the filing of a motion to confirm an arbitration award.
[4] A dismissal for failure to move for confirmation of an arbitration award within fifty days also could be viewed as a Rule 4:37-2(a) dismissal for failure to comply with a court rule, which ordinarily would be "without prejudice." However, consistent with the approach in Sprowl, we consider a motion to vacate such a dismissal under the standard set forth in Rule 4:50-1. Cf. Accilien v. Consol. Rail Corp., 323 N.J.Super. 595, 733 A.2d 1229 (App.Div.1999).
[5] There is no suggestion defendant had any grounds for withholding payment of the award other than the entry of the procedural dismissal under Rule 4:21A-6(b).