**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4465-18T2

DONALD UNGER,

     Plaintiff-Appellant,

v.

LOUIS GARGIULO,

     Defendant-Respondent.

_____

Argued telephonically May 28, 2020 –
Decided June 15, 2020

Before Judges Fuentes and Haas.

On appeal from the Superior Court of New Jersey, Law
Division, Essex County, Docket No. L-8763-12.

Wolfgang Heimerl argued the cause for appellant
(Heimerl Law Firm, attorneys; Wolfgang Heimerl and
Susan Curtain Gouldin, on the briefs).

Michael C. McQueeny argued the cause for respondent
(Genova Burns, LLC, attorneys; Michael C.
McQueeny, of counsel and on the brief).

PER CURIAM

Plaintiff Donald Unger appeals from a May 10, 2019 Law Division order denying his motion to relax the time restraints to file a confirmation of an October 27, 2015 arbitration award under Rule 4:21A-6(b)(3). We affirm.

Plaintiff and defendant Louis Gargiulo are former business associates. On December 3, 2012, plaintiff filed a complaint against defendant in which he sought to recoup $50,982.99 that defendant allegedly owed him. The parties proceeded to non-binding arbitration and, on October 27, 2015, the arbitrator rendered a $25,000 award to plaintiff. Plaintiff was represented by counsel at this time.

Rule 4:21-6(b) states:

> (b) Dismissal. An order shall be entered dismissing the action following the filing of the arbitrator's award unless:
>
> (1)    within 30 days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule; or
>
> (2)    within 50 days after the filing of the arbitration award, the parties submit a consent order to the court detailing the terms of settlement and providing for dismissal of the action or for entry of judgment; or
>
> (3)    within 50 days after the filing of the arbitration award, any party moves for confirmation of the

A-4465-18T2

arbitration award and entry of judgment thereon. The judgment of confirmation shall include prejudgment interest pursuant to [Rule] 4:42-11(b).

If none of the alternative actions stated in the Rule has occurred and been documented in the court's record, the court clerk administratively dismisses the lawsuit. Here, plaintiff failed to file either a proper demand for trial de novo within thirty days, or a motion within fifty days for confirmation of the arbitration award as a judgment. Accordingly, the court clerk administratively dismissed plaintiff's complaint on December 29, 2015.

On April 9, 2019, over three years after the dismissal of his complaint, plaintiff filed a motion to restore the matter to the calendar, confirm the arbitration award, and enter judgment. In Allen v. Heritage Court Assocs., 325 N.J. Super. 112, 116 (App. Div. 1999), we distinguished a belated request for a trial de novo from a belated request to confirm an arbitration award. Because the thirty-day time limitation for demanding a trial de novo is a statutory requirement under N.J.S.A. 2A:23A-26, as well as a requirement of our court Rule 4:21-6(b)(1), the thirty-day time limitation is strictly enforced. Ibid. That deadline will be relaxed only upon a showing of "extraordinary circumstances." Hartsfield v. Fantini, 149 N.J. 611, 618 (1997).

A-4465-18T2

On the other hand, the fifty-day limitation period for seeking confirmation of an arbitration award is not fixed by statute. Instead, it "is a 'procedural dismissal,' which is 'subject to vacation under the standards set forth in [Rule] 4:50-1.'" Allen, 325 N.J. Super. at 117 (quoting Sprowl v. Kitselman, 267 N.J. Super. 602, 606 (App. Div. 1993)). As our former colleague Judge Steven Skillman cogently explained in Allen, "[a]lthough a motion to vacate a dismissal for failure to file a timely motion to confirm an arbitration award should be viewed with great liberality, litigants should be discouraged from adopting a cavalier attitude towards the requirement that a motion to confirm must be filed within fifty days." Id. at 121.

Here, plaintiff's motion to confirm the October 27, 2015 arbitration award was not filed until April 9, 2019. In attempting to explain this over three-year delay, plaintiff asserted that after the arbitrator rendered his award, plaintiff's attorney made a motion to be relieved as plaintiff's counsel. Plaintiff stated that in late November 2015, he mailed a pro se order he drafted confirming the arbitration award to the clerk's office, but it was never filed. Plaintiff asserted that he did not learn that the award had not been confirmed until shortly before he filed his motion in April 2019. At the same time, however, the record indicates that plaintiff sent a letter dated December 2, 2015 to the clerk's office

in which he complained that his attorney failed to provide sufficient evidence to the arbitrator and, as a result, the award was only $25,000, which was $15,000 less than the $40,000 figure plaintiff now believed he was due.

Under these circumstances, Judge Garry J. Furnari denied plaintiff's untimely motion to confirm the arbitration award. In a written statement of reasons explaining his ruling, Judge Furnari stated:

> Dismissal of a case pursuant to Rule 4:21-6(b)(3) for failure to file a timely motion for confirmation of an arbitration award is a procedural dismissal which is subject to vacation under the standard set forth in Rule 4:50-1. Nevertheless, litigants should be discouraged from adopting a cavalier attitude towards the rule. [Plaintiff] admits that he was aware of the date the award was entered and the date by which he was required to file a confirmation of the award. In fact, after the discharge of his prior counsel, he appears to have attempted to file the confirmation of the award pro se. His explanation of waiting more than three years to either pursue, verify, or act upon said confirmation fails to provide good cause to justify the vacation of the dismissal. Plaintiff's reliance on Allen . . . is misplaced. In that case, the defendant made a motion to vacate the dismissal within 30 days of dismissal of the case.

This appeal followed.

On appeal, plaintiff argues that his "mere failure to confirm entry by the trial court of his Uniform Order Confirming Arbitration Award, which was timely submitted to the trial court, constitutes excusable neglect" and, therefore,

the trial court erred in denying his motion to restore the matter to the calendar in order to confirm the award. We disagree.

As stated above, plaintiff's motion to confirm the arbitration award was filed over three years late. Plaintiff conceded he was aware of the requirement that he confirm the award within 50 days. Although he alleges he mailed a copy of a draft order confirming the award to the clerk's office, he did nothing to follow up on that order to ensure it was received and filed. Shortly after he asserts he submitted the order, he also sent a letter to the clerk in which he questioned the arbitrator's award based on his belief that his attorney did not represent him properly at the arbitration.

As set forth in <u>Allen</u>, plaintiff seeks to vacate the dismissal of his complaint and to confirm the arbitration award pursuant to <u>Rule</u> 4:50-1. The only provisions of the <u>Rule</u> that might apply to these circumstances are subsections (a) and (f). Subsection (a) would theoretically permit our vacating the dismissal because of the "mistake, inadvertence . . . or excusable neglect" of plaintiff. However, subsection (a) is not available to plaintiff because a motion under that subsection must be brought within one year of the judgment or order that is to be vacated. <u>R.</u> 4:50-2. Here, plaintiff's motion was filed on April 9,

2019, more than three years after his lawsuit was dismissed on December 29, 2015.

Subsection (f) of Rule 4:50-1 is not subject to a one-year time limitation, and it may permit a court to vacate an administrative dismissal, such as in this case, for "any other reason justifying relief from the operation of the judgment or order."  However, a motion under subjection (f) must be made "within a reasonable time," R. 4:50-2, and such a motion is granted "sparingly, in exceptional situations."  Housing Auth. of Town of Morristown v. Little, 135 N.J. 274, 289 (1994).  The Supreme Court has stated that relief under subsection (f) "is available only when truly exceptional circumstances are present and only when the court is presented with a reason not included among any of the reasons subject to the one year limitation."  Baumann v. Marinaro, 95 N.J. 380, 395 (1984).

Here, even if we view plaintiff's circumstances "with great liberality" under Allen, plaintiff has not shown "exceptional circumstances" to set aside the dismissal more than three years after it was entered.  Unlike the circumstances in Allen and its progeny that permitted late confirmation of an arbitration award, plaintiff's delay was not a matter of only several weeks or months; it was several years.  Moreover, the delay was not caused by any conduct of defendants, such

7

as settlement proposals that lulled plaintiff into missing a deadline.  See Allen, 325 N.J. Super. at 119; Sprowl, 267 N.J. Super. at 606.

We also reject plaintiff's contention that the courts administrative dismissal of his complaint on December 29, 2015, was a "clerical mistake" or "oversight" that could be corrected by the court "at any time" under Rule 1:13-1.  That Rule obviously applies only to clerical mistakes in a judgment, order, or other part of the record.  See Testa v. Zimmerman, 218 N.J. Super. 552, 556-57 (App. Div. 1987) (holding that the clerk's failure to record a request for entry of default does not entitle the plaintiff to an eventual as within time default judgment where other rights have vested in the interim).

Accordingly, we affirm the court's May 10, 2019 order denying plaintiff's motion to confirm the arbitration award substantially for the reasons set forth by Judge Furnari in his well-reasoned written decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4465-18T2