**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2703-24

ARDIST RIVERS,

    Plaintiff-Respondent,

v.

PATRICIA PERSON and
FRANK J. PERSON,

    Defendants-Appellants.

_____

Submitted January 26, 2026 – Decided March 3, 2026

Before Judges Sabatino and Bergman.

On appeal from the Superior Court of New Jersey, Chancery Division, Union County, Docket No. C-000064-24.

Hoffman & Hoffman, attorneys for appellants (Gary D. Hoffman and Brian L. Hoffman, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this one-sided appeal, defendants Patricia Person and Frank J. Person contest an April 17, 2025 order of the Chancery Division denying their motion to vacate a default judgment entered against them. The underlying judgment ordered partition and sale of their residential property owned by them and plaintiff Ardist Rivers as tenants in common, appointed plaintiff as attorney in fact to list the property for sale and directed the proceeds be divided equally. Having considered the record, defendants' arguments and the applicable legal principles, we reverse and remand for further proceedings consistent with this opinion.

I.

This dispute concerns a two-unit residential property in Rahway originally purchased in 1968 by the defendants and Leroy and Lillie Mae Rivers as tenants in common. The property is a two-unit residential building with one central common adjoining wall and shared front and rear common spaces. Over nearly six decades, defendants have maintained possession of one unit, while the Rivers' possessed the other. During this time period, defendants assert no disputes arose with the Rivers, including both paying separately metered utility costs and sharing in other costs on an equal basis, including property taxes. After Leroy passed away in 1994, and the subsequent passing of Lillie Mae in

2

2011, plaintiff acquired his mother's one-half interest by deed in 2021 through her estate. It is undisputed that plaintiff and defendants each own their respective units and the property as a whole as tenants in common.

On July 22, 2024, plaintiff filed a complaint seeking partition and sale of the property. Default judgment was entered on February 28, 2025, ordering a partition and sale of the property, appointing plaintiff as attorney in fact to list the property and ordering the proceeds of sale to be divided equally between the parties. Defendants assert they only learned of the judgment through notice from their tenant, immediately retained counsel and moved to vacate the default judgment approximately 26 days later on March 26. Defendants alleged they did not recall receiving the complaint, did not respond timely to the complaint or attend the proof hearing ordered due to their advanced age and infirmities.

Following oral argument defendants' motion was denied. In its oral decision, the court found no "undue hardship" was shown by defendants, noted that defendants were properly served according to certifications of service provided by plaintiff and found no excusable neglect for defendants' failure to respond. The court found "perhaps [there was] a lack of memory" but determined the lack of memory or ill health of defendants did not constitute good cause, mistake, or excusable neglect sufficient to vacate the judgment under

A-2703-24

<u>Rule</u> 4:50-1.  The court also found it did not "see any meritorious defense . . . [and] the parties cannot get along, which is why there's normally a basis for a partition under the rules when the property is co-owned."

The court also concluded there were no exceptional circumstances warranting relief from the judgment.  The order further permitted defendants to inspect plaintiff's portion of the property to determine if a buyout amount could be agreed upon, which did not come to fruition.  The trial court granted defendants' motion to stay the judgment pending appeal by consent of the parties.

On appeal, defendants contend the trial court erred in denying their motion to vacate the default judgment, specifically asserting the court failed to liberally apply <u>Rule</u> 4:50-1(a), which permits a court to vacate default judgments for mistake, inadvertence, surprise, or excusable neglect.  Defendants, citing to their advanced ages—now 85 and 86 years old—and significant infirmities, assert the situation warranted special consideration under both the rule and various statutes intended to protect the elderly from legal and financial harm.  They emphasize the almost immediate filing of their motion after discovering the judgment against them, and argue had they been properly heard, they would have prevailed on the merits given their status as tenants in common.  They argue, as tenants in

A-2703-24

common, plaintiff had the legal ability to sell his portion of the property without forcing the defendants' half to be sold, and alternatively, that their long-term improvements to the property entitles them to a larger share of the sale proceeds.

## II.

The law concerning the vacation of a default judgment is well settled. A motion to vacate a default judgment pursuant Rule 4:50-1(a) must be brought "within a reasonable time" but not later than one year after judgment. R. 4:50-2. Although not expressly included in the Rule, our common law requires a defendant claiming excusable neglect must also demonstrate a meritorious defense. Marder v. Realty Constr. Co., 84 N.J. Super. 313, 318 (App. Div. 1964), aff'd, 43 N.J. 508 (1964). A court is required to "examine defendant's proposed defense to determine its merit." Bank of N.J. v. Pulini, 194 N.J. Super. 163, 166 (App. Div. 1984).

"A court should view 'the opening of default judgments . . . with great liberality,' and should tolerate 'every reasonable ground for indulgence . . . to the end that a just result is reached.'" Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993) (omissions in original) (quoting Marder, 84 N.J. Super. at 319). "All doubts . . . should be resolved in favor of the parties seeking relief." Ibid. That is so, because of the importance

5

we attach to securing a decision on the merits. Davis v. DND/Fidoreo, Inc., 317 N.J. Super. 92, 100-01 (App. Div. 1998).

Our courts have also recognized that a defendant's promptness in moving to vacate a default judgment is a factor that supports granting the motion. Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 541 (App. Div. 2003) (affirming a finding of excusable neglect "when examined against the very short time period between the entry of default judgment and the motion to vacate"); Jameson v. Great Atl. & Pac. Tea Co., 363 N.J. Super. 419, 428 (App. Div. 2003) (noting the "speed and diligence with which [the party] moved to attempt to vacate the default judgment"). "[W]here the judgment has been in effect for only a brief period of time before the motion to vacate is filed[,] . . . a plaintiff's expectations regarding the legitimacy of the judgment and the court's interest in the finality of judgments are at their nadir." Reg'l Constr. Corp., 364 N.J. Super. at 545.

Prejudice to the plaintiff if default judgment is vacated is also a relevant consideration. In this regard, Rule 4:50-1 permits the court to condition an order vacating default judgment "upon such terms as are just." Any relief granted under this provision of the Rule must be "reasonably proportionate to the prejudice suffered by plaintiff." Reg'l Constr. Corp., 364 N.J. Super. at 543. A court may compel a party seeking to vacate default to reimburse the judgment

holder for the fees and costs "in the pursuit of the default judgment or in responding to the motion to vacate." Ibid.

The decision whether to grant a motion to vacate a default judgment is generally "left to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion." Mancini, 132 N.J. at334. "The [Rule] is designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case." Manning Eng'g, Inc. v. Hudson Cnty. Park Comm'n, 74 N.J. 113, 120 (1977). That said, we have occasionally set aside orders denying relief requested under section (a) of the Rule when the circumstances warranted. See, e.g. Professional Stone, Stucco and Siding Applicators, Inc. v. Carter, 409 N.J. Super. 64 (App. Div. 2009); Allen v. Heritage Court Associates, 325 N.J. Super. 112 (App. Div. 1999); Febus v. Barot, 260 N.J. Super. 322 (App. Div. 1992).

The record reflects defendants initially moved to vacate the default judgment less than thirty days after it was entered, which we determine to be a reasonable period of time. In addition, defendants are of advanced age, and as the record shows, Mr. Person alleged he experienced severe medical issues and was hospitalized for over a month and thereafter, was placed into a rehabilitation

facility for approximately three months. Defendants also asserted Mr. Person's nieces traveled about an hour each way twice per week to obtain his mail from his neighbors while he was hospitalized but never received the plaintiff's initial complaint. Although there is an affidavit from a sheriff's officer attesting that Mr. Person was served personally, he claimed he had no recollection of ever being served. Similarly, Mrs. Person asserted, although she recalled signing papers, she does not recall receiving any legal documents. Defendants both claimed if they had received, or believed they had received any legal documents, they would have notified their counsel and taken steps to respond.

We conclude, based on the promptness of defendants in moving to vacate the judgment coupled with their asserted difficulties in responding due to their age and infirmities, that sufficient credible evidence existed in the motion record to support defendants' claim of excusable neglect pursuant to Rule 4:50-1(a).

We further determine defendants provided colorable and meritorious claims and defenses in their motion to vacate. Under the relevant statute, "[t]he superior court may, in an action for the partition of real estate, direct the sale thereof if it appears that a partition thereof cannot be made without great prejudice to the owners, or persons interested therein." N.J.S.A. 2A:56-2 (emphasis added).

8

Partition is an equitable remedy allowing multiple parties to obtain an order dividing property or compelling its sale. Newman v. Chase, 70 N.J. 254, 261 (1976); see also Greco v. Greco, 160 N.J. Super. 98, 101-02 (App. Div. 1978) (citing Newman, 70 N.J. at 263). Whether and how partition is ordered is within the discretion of the court since "the statutory language is permissive rather than mandatory." Greco, 160 N.J. Super. at 102 (quoting Newman, 70 N.J. at 263). A chancery court has broad discretion "to adapt equitable remedies to the particular circumstances of a given case." Marioni v. Roxy Garments Delivery Co. Inc., 417 N.J. Super. 269, 275 (App. Div. 2010) (citations omitted); see also Salorio v. Glaser, 93 N.J. 447, 469 (1983) (noting equitable remedies "are distinguished by their flexibility, their unlimited variety," and "their adaptability to circumstances").

Defendants do not dispute the property is held by the parties as tenants in common but assert separate units have been in existence for over fifty years, each managed independently and, for the most part, have separate bills for costs, including utilities. A tenancy in common is the "holding of an estate by different persons, with a unity of possession and the right of each to occupy the whole in common with the [other] . . . [and the] interest of a tenant in common may . . . be transferred without the consent of the [other co-tenant]." Gonzalez v.

Wilshire Credit Corp., 207 N.J. 557, 564 n.2 (2011) (quoting Capital Fin. Co. of Del. Valley, Inc. v. Asterbadi, 389 N.J. Super. 219, 225 (Ch. Div. 2006) (internal citations omitted)).

Based on the parties ownership status and the history of separate management and payment of expenses for each unit, we conclude defendants asserted a meritorious legal position that, in this instance, a partition ordering the sale of only plaintiff's ownership interest could be made without great prejudice as permitted by N.J.S.A. 2A:56-2. We make no determination as to the strength of this position or the ultimate outcome. We determine only that defendants have asserted a meritorious and colorable defense to plaintiff's requested relief that a sale and equal division of the proceeds is the only appropriate relief.

In addition, defendants certified since becoming owners 57 years ago, they have always meticulously maintained their unit in excellent condition, and also have considerably improved it, thus increasing the total value of the property. By contrast, they asserted plaintiff, who has only owned his half of the property since 2021, has failed and refused to maintain his unit thus devaluing the property to the defendants' detriment. Defendants also assert they have paid plaintiff's portion of property taxes at some point and are due a credit from him.

Therefore, even if defendants' argument that a separate sale of plaintiff's portion of the property is unsuccessful, we conclude they are entitled to a vacation of the judgment to determine their claims requesting more than half of the net sale proceeds. Defendants claim that the condition of their unit/half of the property as compared to plaintiff's unit/half requires a greater award of the proceeds to them, which they can prove at trial. They also claim entitlement to credits from plaintiff for their payment of maintenance costs and property taxes.

When viewing defendants' motion with liberality, as we must, we determine defendants satisfied the excusable neglect standard of Rule 4:50-1(a) and provided a meritorious defense. Giving defendants "every reasonable ground for indulgence" in order to ensure a just result is reached as well as considering the importance our courts have attached to securing a decision on the merits, we conclude the trial court misapplied its discretion in denying defendants' motion under these circumstances.

We, therefore, reverse the trial court's order denying the defendants' motion to vacate the judgment and remand the matter for the court to set a date defendants' responsive pleading is due. On remand, we leave to the trial court's discretion whether plaintiff was prejudiced due to defendants' delays and whether reimbursement to plaintiff for the reasonable fees and costs he incurred

11

"in the pursuit of the default judgment or in responding to the motion to vacate,"
is appropriate.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

12

A-2703-24