695 A.2d 257

STEWART G. WALLACE, PLAINTIFF–RESPONDENT, v. JFK HARTWYCK AT OAK TREE, INC., DEFENDANT–APPELLANT, AND JOHN DOES A THROUGH Z, FICTITIOUS NAMES, DEFENDANTS.

Argued March 17, 1997—Decided June 27, 1997.

*Russell L. Hewit* argued the cause for appellant (*Dughi and Hewit*, attorneys; *Louis John Dughi, Jr.*, on the brief).

*Wayne D. Greenfeder* argued the cause for respondent (*Kraemer, Burns, Mytelka & Lovell*, attorneys; *Waldron Kraemer*, of counsel and on the brief).

The opinion of the Court was delivered by

GARIBALDI, J.

In this appeal, as in *Hartsfield v. Fantini*, 149 *N.J.* 611, 695 *A.*2d 259, also decided today, defendant JFK Hartwyck at Oak Tree, Inc. (Hartwyck) asks us to decide when an attorney's mistake, resulting in failure to appeal an arbitration decision within thirty days, constitutes "extraordinary circumstances" sufficient to allow a party to file for a trial *de novo* out of time. As in *Hartsfield*, we find that an attorney's "mere carelessness" or "lack of proper diligence" is insufficient to relax the thirty-day rule under the "extraordinary circumstances" exception. 149 *N.J.* at 618, 695 *A.*2d at 263.

I

On October 16, 1992, plaintiff, Stewart Wallace, was employed by Cornell Medicare, Inc., as a nurse's aide. He was assigned to work at Hartwyck, a nursing facility. As Wallace walked around a

patient's bed, he slipped and fell, injuring his right knee and back. Wallace claims that after the fall he observed a "slippery liquid substance appearing to be soap" on the floor where he had fallen.

At the time of the fall, another aide, Theodore Satter, was in the room. He saw plaintiff fall and helped plaintiff stand up. In a report written after the accident, Satter indicated that he had not observed any liquid on the floor and that it had appeared to him that plaintiff's knee had "just buckled under the weight of his own body." After the fall, plaintiff refused treatment at John F. Kennedy Medical Center and requested transportation to Muhlenberg Hospital. The Muhlenberg Emergency Room physicians took x-rays, which indicated that Wallace had suffered lower back and right knee injuries. Plaintiff has undergone three surgeries on his knee and received physical therapy on both his back and knee.

On September 30, 1994, plaintiff filed a negligence action against Hartwyck. On January 18, 1996, nonbinding arbitration was held. The arbitrators found Hartwyck 100% liable for the injuries and awarded plaintiff $275,000 in damages. Although the witness to the accident, Satter, was unavailable to testify at the arbitration proceeding, the arbitrators were aware of his version of the accident.

Following the arbitration, defendant's counsel, Christopher Weber, told plaintiff's attorney that he would most likely file for a trial *de novo*. The attorneys agreed to continue discovery in preparation for trial, and Weber noted that he would wait until the end of the thirty-day period to file because, in Union County, trial is often scheduled to begin soon after a trial *de novo* request is granted by the court.

Weber missed the February 20, 1996, deadline for filing for a trial *de novo*. He had written a reminder on a post-it note and stuck it on his calendar on the incorrect date of February 29, 1996. He had continued to work on the case, reviewing medical records, forwarding medical authorization forms to plaintiff's counsel, refining interrogatory answers, and arranging deposition dates. Three

weeks after the hearing, he advised his client by letter of the results of the arbitration proceeding. He failed, however, to reach defendant's insurance representative during this time period, although he attempted to reach him twice. On February 5, 1996, he received a telephone call from plaintiff's attorney that he returned; however, he was unable to reach opposing counsel. He did not try to call plaintiff's attorney again. On February 26, 1996, Weber prepared and mailed the trial *de novo* notice, six days out of time. The court returned it to him on March 3, 1996.

On February 28, 1996, plaintiff's counsel filed a motion to confirm the award, which was served on Weber on March 4, 1996. On March 21, 1996, defendant's counsel filed a cross-motion to permit the filing of a notice of demand for a trial *de novo*. After hearing arguments on both motions, the trial court entered an order granting the motion to confirm the arbitration award of $275,000 and denying the motion to permit the filing for a trial *de novo* out of time. The trial court found that an honest mistake had been made by defense counsel, but concluded that more than an ordinary mistake is required to grant a motion for a trial *de novo* out of time.

Defendant appealed. The Appellate Division affirmed the trial court's decision and issued an order granting plaintiff's motion for summary disposition, for the reasons expressed by the trial court in its March 29, 1996, oral opinion. We granted defendant's petition for certification, 146 *N.J.* 567, 683 *A.*2d 1162, and now affirm.

II

■ Following the filing of an arbitration award, each party has thirty days within which to demand a trial *de novo*. *Rule* 4:21A–6(b)(1). When a party fails to file within thirty days, the trial court may extend the deadline if "extraordinary circumstances" exist. *See Hartsfield, supra,* 149 *N.J.* at 618, 695 *A.*2d at 263 (slip op. at 8). That determination is fact sensitive and should be made on a case-by-case basis. *Ibid.*

No such circumstances exist in this case. Hartwyck's attorney failed to file for a trial *de novo* within the thirty-day period, because he marked the wrong date in his calendar. That mistake, characterized as an "honest mistake" by the trial court, was the result of mere carelessness on the part of the attorney. As we stated in *Hartsfield, supra,* 149 *N.J.* at 618, 695 *A.*2d at 263 (slip op. at 8), "mere carelessness" on the part of an attorney cannot give rise to extraordinary circumstances capable of relaxing the thirty-day rule.

We disagree with Hartwyck's assertion that the trial court's ruling essentially denies it the opportunity to mount a proper defense against Wallace's claim. Although Satter was unable to testify at the arbitration, the arbitrators were aware that his eyewitness account of the accident differed from Wallace's. The trial court's confirmation of the arbitrators' award, therefore, was not incompatible with the interests of justice.

The trial court correctly denied Hartwyck's motion to demand a trial *de novo* out of time. The Appellate Division's judgment is affirmed.

*For affirmance*—Chief Justice PORITZ and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.