695 A.2d 259

MARY C. HARTSFIELD, PLAINTIFF–APPELLANT, v. FRED M. FANTINI, XYZ, INC. (FICTITIOUS NAME), KENTON SCRIVENS, JOHN DOE (FICTITIOUS NAME), AND HELEN E. MATTHEWS, JOINTLY, SEVERALLY AND/OR IN THE ALTERNATIVE, DEFENDANTS, AND BEST FOR YOU AUTO SALES, DEFENDANT–RESPONDENT.

Argued March 17, 1997—Decided June 27, 1997.

612

*David Paul Daniels* argued the cause for appellant.

*Jane A. Kenney* argued the cause for respondent (*LaBrum & Doak,* attorneys; *Paul F. Jenkins, III,* on the brief).

The opinion of the Court was delivered by

GARIBALDI, J.

In this appeal, as in *Wallace v. JFK Hartwyck,* 149 *N.J.* 605, 695 *A.*2d 257 (1997), also decided today, the Court must determine whether an attorney, who fails to appeal an arbitration decision within the thirty-day filing deadline, may file a *nunc pro tunc* motion for a trial *de novo.* Specifically, we address whether an attorney's failure to supervise his secretary and review his diary constitutes "extraordinary circumstances," permitting relaxation of the thirty-day rule.

I

On January 11, 1991, plaintiff, Mary Hartsfield, was driving her car on County Road 530 in Southampton, New Jersey, when she was struck head on by a vehicle driven by defendant Fred Fantini and owned by defendant Best For You Auto Sales (Best). Fantini also struck another car, driven by defendant Helen Matthews.[1]

Hartsfield suffered permanent injuries. She had graduated from cosmetology school one day before the accident, on January 10, 1991, and was scheduled to begin work on January 14, 1991. Due to her injuries, Hartsfield claims that she has been unable to pursue her chosen profession as a hairstylist.

On January 6, 1993, Hartsfield filed a personal injury complaint against defendants. The matter was scheduled for arbitration in

[1] The matter against Matthews has been resolved.

Burlington County, on December 7, 1994, pursuant to *N.J.S.A.* 39:6A–25. Prior to the arbitration, Best made Hartsfield a settlement offer of $100,000, which she refused.

The arbitration proceeding was held. The arbitrators determined that defendants Fantini and Best were 100% liable and awarded Hartsfield $65,000 in damages. Immediately following the arbitration, plaintiff's attorney, David Daniels, advised Best's attorney that a request for a trial *de novo* would be filed.

Daniels failed to file for a trial *de novo* within the thirty-day period, which expired on June 9, 1995. He claims that that failure was the result of secretarial error and a breakdown in his case management system. Although Daniels's secretary followed some of his instructions regarding the case, such as verifying Hartsfield's educational background and retaining an economist, she did not follow his instruction to petition for a trial *de novo*. That error was compounded when Daniels failed to review his diary. Daniels blames his inattention to his diary on an increased case load caused by the departure six months earlier of two bankruptcy associates responsible for over 1,000 cases.

On June 28, 1995, Daniels received a phone call from Best's attorney concerning a possible settlement, and was advised that the demand for a trial *de novo* had not been filed. Within twenty-four hours, he prepared and filed a motion to petition for a trial *de novo* out of time. Best's attorney filed a motion to confirm the arbitration award within the fifty-day deadline, pursuant to *Rule* 4:21A–6(b)(2).

The trial court held that Daniels's conduct did not constitute due diligence and that the internal failure in his office did not constitute the "extraordinary circumstances" necessary to allow the motion for a trial *de novo* to be filed out of time, under *Hart v. Property Management Systems*, 280 *N.J.Super.* 145, 654 *A.*2d 1012 (App.Div.), *certif. denied*, 141 *N.J.* 99, 660 *A.*2d 1197 (1995). The court confirmed the arbitration award and dismissed plaintiff's suit. Plaintiff appealed to the Appellate Division, which affirmed the lower court's denial of plaintiff's motion, in an

unpublished, *per curiam* decision. Relying on *Hart, supra,* 280 *N.J.Super.* at 149, 654 *A.*2d 1012 and *Behm v. Ferreira,* 286 *N.J.Super.* 566, 574, 670 *A.*2d 40 (App.Div.1996), the panel held that an attorney's failure to supervise his or her staff is generally insufficient to permit an attorney to make a late demand for a trial *de novo.*

We granted plaintiff's petition for certification, 146 *N.J.* 566, 683 *A.*2d 1162 (1996), and now affirm.

## II

*N.J.S.A.* 39:6A–24 to –35, one of five bills enacted in 1983 to revise New Jersey's no-fault automobile insurance system, provides for the mandatory arbitration of certain automobile accident claims. "The purpose and intent ... [of the Legislature was] to establish an informal system of settling tort claims arising out of automobile accidents in an expeditious and least costly manner, and to ease the burden and congestion of the State's courts." *N.J.S.A.* 39:6A–24. The legislation requires nonbinding arbitration for claims involving less than $15,000 in total damages and for those claims involving non-economic damages of less than $15,000. *N.J.S.A.* 39:6A–25a. · Actions for non-economic loss greater than $15,000 can be referred by the trial court to arbitration, if all parties to the action consent in writing. *N.J.S.A.* 30:6A–25b. Under the legislation, each party has thirty days within which to reject the arbitration award and petition the court for a trial *de novo. N.J.S.A.* 39:6A–31.

In 1987, the Legislature enacted similar legislation requiring mandatory arbitration of other personal injury actions in which the amount in controversy involved $20,000 or less. *N.J.S.A.* 2A:23A–20a. The legislation authorized the courts to refer matters involving more than $20,000 to arbitration if all parties consented in writing and the matter did not involve "novel legal or unduly complex factual issues." *N.J.S.A.* 2A:23A–20b. *N.J.S.A.* 2A:23A–26 provides for mandatory confirmation of the arbitration decision upon motion, "unless one of the parties petitions the court

within 30 days of the filing of the arbitration decision for a trial *de novo.*"

An examination of those arbitration statutes discloses that the Legislature sought to preserve judicial resources and improve efficiency by providing for arbitration. It also sought to preserve an individual's right to a jury trial by providing that a person dissatisfied with the arbitration award has the right to request a trial *de novo.*

The Court adopted rules to implement the automobile arbitration provision, effective January 1986. *See* Pressler, *Current N.J. Court Rules,* comment 1 on *R.* 4:21A (1997). The rules were amended, effective January 1989, to encompass arbitration of non-auto personal injury claims, in accordance with *N.J.S.A.* 2A:23A–20 to –30. *See ibid. Rules* 4:21A–6(b)(1), (2), and (3) provide that an order shall be entered dismissing the action following the filing of the arbitration award unless one of three conditions set forth in *Rule* 4:21A–6(b) is met. Only *Rule* 4:21A–6(b)(1) is at issue. Under that rule, a party dissatisfied with the result of an arbitration may demand a trial *de novo* within thirty days after the filing of the arbitration award. "The Legislature intended [that rule] ... to be strictly enforced." *Hart, supra,* 280 *N.J.Super.* at 147, 654 *A.*2d 1012; *see also* Assembly Insurance Committee, *Statement to Senate Bill No. 2709,* at 1 (1987) ("[T]he court shall, upon the motion of any of the parties, confirm the arbitration decision, ... unless one of the parties petitions the court within 30 days of the filing of the arbitration decision for a trial *de novo* ....").

### III

Although the Appellate Division has addressed the standard that should be used to determine whether there should be a relaxation of the thirty-day rule, we have not. In *Mazakas v. Wray,* 205 *N.J.Super.* 367, 500 *A.*2d 1085 (App.Div.1985), the Appellate Division held that the thirty-day period may be extended by the courts when "extraordinary circumstances" exist, *id.* at 370–71, 500 *A.*2d 1085, but that ordinarily "the arbitration process

... should ... bring about an end to the litigation when neither party has made a timely motion for a trial *de novo.*" *Id.* at 371, 500 *A.*2d 1085. Despite a "trial court's express and inherent power to relax rules and grant equitable relief," the panel cautioned the courts to exercise that power "sparingly" "with a view to implementing both the letter and the spirit of the compulsory arbitration statute and the rules promulgated pursuant thereto, to the end that the arbitration proceedings achieve finality." *Id.* at 372, 500 *A.*2d 1085. Since *Mazakas,* courts have continued to use the "extraordinary circumstance" standard and to stress the need for strict enforcement of the thirty-day rule. *See, e.g., Behm, supra,* 286 *N.J.Super.* at 573, 670 *A.*2d 40; *Hart, supra,* 280 *N.J.Super.* at 146, 654 *A.*2d 1012.

The need for a strict interpretation of what constitutes an "extraordinary circumstance" was expressed in *Behm, supra:*

> This case involves the integrity of the arbitration process and enforceability of arbitration awards. If a party could set aside an arbitration award and obtain a trial *de novo* whenever his or her attorney neglected to file for a trial *de novo* within time solely because of a clerical error or failure to note or advise the client of the thirty-day requirement to file for a trial *de novo,* there would be an open door which would render the thirty-day time limit of *R.* 4:21A–6(b)(1) meaningless. Such a relaxation of the rule "thwarts the effectiveness of a valid arbitration."
>
> [286 *N.J.Super.* at 574, 670 *A.*2d 40 (citation omitted).]

*See also Lawrence v. Matusewski,* 210 *N.J.Super.* 268, 274, 509 *A.*2d 327 (Law Div.1986) (citations omitted) ("To relax the 30–day requirement of *R.* 4:21A–6(b)(1) and *N.J.S.A.* 39:6A–31 for the flimsy excuse asserted here would utterly disserve the spirit and letter of the arbitration statute—the teeth of this important legislation would be excised and irretrievably lost.").

## IV

In determining what constitutes an "extraordinary circumstance," the Appellate Division has held that trial courts should be guided by the same principles that apply in deciding a motion for relief under *Rule* 4:50–1. *See Hart, supra,* 280 *N.J.Super.* at 148, 654 *A.*2d 1012; *Mazakas, supra,* 205 *N.J.Super.* at 372, 500 *A.*2d 1085. We do not agree.

Many parties seeking relief under *Rule* 4:50–1 have not had an opportunity to argue the merits of their case in court, i.e., default judgments have been entered against them. On the other hand, most parties seeking relief for failure to file a timely petition for trial *de novo* have had an opportunity to argue the merits of their case before an arbitrator. Such claimants have not been denied a day in court. They will have received a fair if informal hearing on the merits. Therefore, we do not believe that the criteria set forth in *Rule* 4:50–1 should be considered in determining whether the thirty-day rule should be relaxed.

To relax the thirty-day rule, courts must determine that "extraordinary circumstances" exist and that those circumstances did not arise from an attorney's "mere carelessness" or "lack of proper diligence." *In re T.*, 95 *N.J.Super.* 228, 235, 230 *A.2d* 526 (App.Div.1967). What constitutes an "extraordinary circumstance" will require a fact-sensitive analysis in each case. Generally, substantial compliance with the filing limitation and allegations that defendants used negotiations to lull the plaintiffs into missing the filing date will not constitute "extraordinary circumstances" sufficient to relax the thirty-day rule. *But see Mazakas, supra,* 205 *N.J.Super.* at 371–72, 500 *A.2d* 1085.

Numerous cases have held that an attorney's heavy workload or improper supervision of staff does not constitute "extraordinary circumstances." In *Behm, supra,* for example, the court observed that "[t]he excuse that an attorney is too busy or has too heavy a workload to properly handle litigation or to supervise staff is insufficient to constitute extraordinary circumstances." 286 *N.J.Super.* at 574, 670 *A.2d* 40 (citation omitted). That case was a consolidation of three automobile arbitration cases in which trial courts had confirmed the plaintiffs' arbitration awards and denied the defendants' untimely motions for trial *de novo. Id.* at 569, 670 *A.2d* 40. Each case involved the same attorney. *Ibid.* On appeal, the defendants argued "that some of the awards exceeded the policy limits, the insureds were blameless and the problems were

caused by extraordinary circumstances of attorney neglect." *Id.* at 573, 670 *A.*2d 40.

The court

held that in order to relax the thirty-day limitation on requests for trial *de novo* subsequent to arbitration decisions, "extraordinary circumstances" must exist. The policy underlying this decision is to allow the arbitration process to bring about the termination of litigation when neither party has requested a trial *de novo.* This furthers the stated aims of the compulsory arbitration program, which is to bring about inexpensive, speedy adjudications of disputes and to ease the caseload of state courts.

[*Behm, supra,* 286 *N.J.Super.* at 573–74, 670 *A.*2d 40 (citations omitted).]

Likewise, in *Hart, supra,* 280 *N.J.Super.* 145, 654 *A.*2d 1012, the Appellate Division held that the " '[f]ailure to supervise one's secretary does not ordinarily present such 'extraordinary circumstances' as will permit an attorney to make a late demand for trial *de novo.*' " *Id.* at 149, 654 *A.*2d 1012 (quoting *Sprowl v. Kitselman,* 267 *N.J.Super.* 602, 609, 632 *A.*2d 540 (App.Div.1993)). The panel further held that "the excuse of an attorney being too busy or having too heavy a work load to properly handle litigation or to supervise staff must be rejected as insufficient to constitute extraordinary circumstances." *Ibid.* (citing *Pybas v. Paolino,* 73 *Wash.App.* 393, 869 *P.*2d 427 (1994)).

## V

We agree with those courts that have found an attorney's failure to supervise staff or heavy workload to be insufficient to satisfy the "extraordinary circumstances" requirement. We emphasize that the circumstances must be "exceptional and compelling." *Baumann v. Marinaro,* 95 *N.J.* 380, 393, 471 *A.*2d 395 (1984).

We are sympathetic to Mr. Daniels's difficulties following the departure of two attorneys from his four-attorney office; however, his failure to review his diary and to ensure that his secretary followed his instructions cannot be characterized as "extraordinary circumstances" sufficient to relax the thirty-day rule. *See, e.g., Behm, supra,* 286 *N.J.Super.* at 574, 670 *A.*2d 40;

*Hart, supra,* 280 *N.J.Super.* at 148–49, 654 *A.*2d 1012; *Sprowl, supra,* 267 *N.J.Super.* at 602, 632 *A.*2d 540. Moreover, the arbitration program has been well-established for several years, and attorneys are well-aware of the thirty-day rule. Thus, the trial court properly denied plaintiff's motion to file for a trial *de novo* out of time.

The Appellate Division's judgment is affirmed.

*For affirmance*—Chief Justice PORITZ, and Justices HANDLER, POLLOCK, O'HERN, GARIBALDI, STEIN and COLEMAN—7.

*Opposed*—None.