728 A.2d 847 (1999)
321 N.J. Super. 256
Mary FLAGG, Plaintiff-Respondent,
v.
The TOWNSHIP OF HAZLET and Hazlet Swim and Tennis Club, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Argued April 20, 1999.
Decided May 11, 1999.
*848 Gregory W. Vella, Long Branch, for defendant-appellant (Tucci & Collins, attorneys; Mr. Vella, on the brief).
Jack Polloway, Red bank, for plaintiff-respondent.
Before Judges LONG, KESTIN and CARCHMAN.
The opinion of the court was delivered by LONG, P.J.A.D.
Plaintiff Mary Flagg was injured at defendant Township of Hazlet's swimming facility. She sued and, pursuant to R. 4:21A-1, the matter was submitted to arbitration. An arbitrator determined that the parties were equally liable, setting damages at $60,000. The arbitrator's award issued on January 15, 1998. According to R. 4:21A-6(b)(1), upon the filing of an arbitrator's award, an order shall be entered dismissing the action unless:
(l) within 30 days after the filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a trial de novo and pays a trial de novo fee as set forth in paragraph (c) of this rule....
In this case, February 16 was the last date to file a motion for a trial de novo. Defendant filed such a motion, however it was post-marked February 18, 1998, and was rejected by the Clerk's Office with the notation that it was not received within 30 days of the arbitration award.
On February 18, 1998, plaintiff filed a motion to confirm the arbitration award. Defendant filed a cross-motion for a trial de novo. The trial judge denied defendant's motion and confirmed the arbitration award. Defendant appeals, contending that the trial judge erred in denying its cross-motion because it established "extraordinary circumstances" to justify an enlargement of time.
The thirty-day rule is to be strictly enforced. Only "extraordinary circumstances" warrant extension of this deadline. Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 609, 695 A.2d 257 (1997). Such a determination is fact sensitive and should be made on a case-by-case basis. Ibid. Thus, for example, the conduct of the errant attorney in Wallace in writing the wrong date on his calendar and missing the deadline, was deemed to be "mere carelessness," not the "extraordinary circumstances capable of relaxing the 30-day rule." Id. at 610, 695 A.2d 257. Further, in Hartsfield v. Fantini, 149 N.J. 611, 695 A.2d 259 (1997), the Supreme Court specifically noted that an attorney's heavy workload and/or a failure to supervise his or her staff does not satisfy the "extraordinary circumstances" requirement. Id. at 618-19, 695 A.2d 259. In emphasizing the need for a strict interpretation of the thirty-day rule, the Court noted:
This case involves the integrity of the arbitration process and enforceability of arbitration awards. If a party could set aside an arbitration award and obtain a trial de novo whenever his or her attorney neglected to file for a trial de novo within time solely because of a clerical error or failure to note or advise the client of the thirty-day requirement to file for a trial de novo, there would be an open door which would render the thirty-day time limit of R. 4:2lA-6(b)(1) meaningless. Such a relaxation of the rule "thwarts the effectiveness of a valid arbitration."
[Hartsfield, supra, 149 N.J. at 617, 695 A.2d 259 (quoting Behm v. Ferreira, 286 N.J.Super. 566, 574, 670 A.2d 40 (App. Div.1996))].
The court concluded, citing Mazakas v. Wray, 205 N.J.Super. 367, 372, 500 A.2d 1085 (App.Div.1985), that a trial judge's power to relax the court rules should be used sparingly in this context. Hartsfield, supra, 149 N.J. at 617, 695 A.2d 259.
Defendant argues that the following facts are "extraordinary circumstances" sufficient to relax the rule: After the decision of *849 the arbitrator, the defendant's attorney prepared and executed a notice demanding a trial de novo. The notice was dated February 12, 1998. A check dated February 11, 1998, in the amount of $200, was also issued to cover the applicable fee. Finally, a letter dated February 12, 1998, enclosing the notice and the check, was prepared. The date of mailing is uncertain. However, it is agreed that the postmark on the copy of the motion addressed to plaintiff was February 18 and that the motion was received by the clerk after the thirty days expired. Defendant argues that because its lawyer prepared and executed the documents in a timely fashion, the delay in mailing is sufficient to meet the "extraordinary circumstances" standard.
According to defendant, its lawyer had no reason to anticipate the mailing error (the documents apparently sat around in his office for nearly a week) and fully expected that the mailing would occur within a short time of his preparation of the documents. Thus, defendant argues that the untimely mailing was an "extraordinary" event. Moreover, defendant claims that the brevity of the delay assures that no prejudice could have occurred from the late filing and constitutes substantial compliance with the rule.
Defendant's arguments belie a fundamental misunderstanding of the meaning of the term "extraordinary." This word, in common parlance, denotes something unusual or remarkable. The dictionary includes among its definitions of the word:
exceptional to a very marked extent: most unusual: far from common ... rarely equaled: singular, phenomenal: strikingly impressive ... having little or no precedent and usually totally unexpected....
[Webster's Third New International Dictionary Unabridged 807 (1971).]
Defendant's claim here is nothing more than a claim of human error or carelessness which is part of the fabric of every day existence and which Wallace specifically rejected as "extraordinary." Even if the case is characterized as one involving lax attorney supervision of staff, Hartsfield has already declared that such circumstances are not "extraordinary." Further, defendant's theory that the brevity of the delay equates with substantial compliance was laid to rest in Hartsfield, which held that generally "substantial compliance with the filing limitation ... will not constitute `extraordinary circumstances,' sufficient to relax the thirty-day rule." Hartsfield, supra, 149 N.J. at 618, 695 A.2d 259. In short, we are satisfied that the trial judge properly assessed defendant's contentions as inadequate to meet the "extraordinary circumstances" standard and that he correctly refused to extend the time within which to file for a trial de novo.
We add only this. The clerk exceeded her authority in refusing to file defendant's motions for a trial de novo. Filing is a "ministerial" function. White v. Katz, 261 N.J.Super. 672, 619 A.2d 683 (App.Div.1993) (quoting Pressler, N.J. Court Rules, comment 3 on R. 1:5-6 (1993)). The clerk has no role in determining the timeliness of a party's pleadings. The clerk should have filed defendant's motion for a trial de novo and left it to plaintiff to challenge the propriety of the filing.[1]
The order under review is affirmed.
NOTES
[1] It appears that the actual practice of the Civil Division Managers under R. 4:21A, including the programming of the Civil Automated Case Management Systems (ACMS), has been formulated based upon the belief that R. 1:5-6(c) does not apply to arbitration filings. In order to give the Court an opportunity to resolve the tension between these rules and to determine whether an amendment would be appropriate, this aspect of the opinion is prospective and will become effective on October 15, 1999. We suggest that the Civil Practice Committee consider this issue forthwith.