833 A.2d 102

JOYCE A. POPWELL, PLAINTIFF v. LAW OFFICES
OF BROOME AND HORN, DEFENDANT.

Superior Court of New Jersey
Law Division

November 22, 2002.

*Joyce A. Popwell*, plaintiff pro se.

*John A. Mercer, Jr.*, for defendants (*Swartz, Campbell & Detweiler*, Attorneys).

PERSKIE, J.S.C.

Plaintiff Joyce Popwell ("Popwell") brings this motion for summary judgment. In her complaint Popwell alleges that Defendants committed legal malpractice in a prior matter by failing to file, in a timely fashion, an application for a trial *de novo* following an arbitration proceeding that had resulted in a determination of "no cause for action." Popwell alleges that, according to the medical reports filed in that action, she sustained nerve damage to

her knee as a result of a slip and fall that occurred on April 13, 1997. Popwell argues that, "if [the] documents were checked-out correctly and brought up in [the arbitration hearing], there would have been a value put on [the] case." Popwell asserts that she "was not allowed to attend [arbitration], causing the [arbitration] to be bogus." Popwell requests this court to grant summary judgment "based on facts and [the] decision of [the Honorable] John G. Himmelberger, J.S.C," a decision refusing to permit the late filing of a *de novo* application in the prior action and granting cross-motions for an order confirming the arbitration award and dismissing the complaint.

Defendants oppose this motion and cross-move for summary judgment seeking to dismiss Popwell's complaint with prejudice. Defendants acknowledge that defendant Steven Horn ("Horn") was an attorney with the defendant Broome law firm. Defendants submit that Popwell initially filed the prior action on her own behalf in May 1999, and that, on February 25, 2000, Horn substituted for Popwell as counsel of record. Defendants acknowledge that an arbitration was held in the prior action on February 27, 2001, with Horn's partner, defendant Henry Broome, appearing for Popwell. At that time, according to defendants, the arbitrator found no basis to assert liability against any of the named defendants, as a result of the finding that Popwell had failed to present any proofs that would establish a defect in the curb over which she claimed to have tripped. Defendants maintain that, on April 4, 2001, four days after the mandatory thirty-day deadline provided by *R.* 4:21A–6(b)(1), Horn attempted to file with the court a demand for a trial *de novo.* On May 11, 2001, Judge Himmelberger denied the application on the grounds that it was untimely and that no basis to extend the date had been established.

Defendants argue that Popwell's present application is deficient both procedurally and substantively. With respect to procedure, defendants argue that Popwell has failed to comply with the requirements of *R.* 4:46–2, inasmuch as her moving papers do not include a statement of material facts, appropriate certifications, or

a supporting memorandum. With respect to substance, defendants allege that "the establishment of a failure ... to file a trial *de novo* in time does not necessarily equate to negligence nor is it sufficient in and of itself, to obtain an order for summary judgment in favor of the plaintiff." Defendants claim that many factual issues that are currently in dispute necessitate a denial of Popwell's application, *i.e.* breach, if any, of duty and amount of damages. Because many fact issues have not been established or even addressed by Popwell's moving papers, defendants urge this court to deny Popwell's motion for summary judgment.

Defendants also cross-move for summary judgment seeking to dismiss Popwell's complaint. Relying on *N.J.S.A.* 2A:53A–27, defendants contend that, because they filed answers in this matter on December 3, 2001, and April 25, 2002, Popwell had (at the latest) until June 25, 2002, to submit an affidavit of merit as required by the statute. Defendants claim that, to date, Popwell has not produced an affidavit of merit or applied for any extension of time, and that therefore her complaint should be dismissed with prejudice.

■ Pursuant to *R.* 4:46–2, a court shall grant a motion for summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue to any material fact challenged, and that the moving party is entitled to a judgment or order as a matter of law.

*R.* 4:46–2 outlines the requirements in support of a motion for summary judgment. The motion for summary judgment shall be served with briefs, a statement of material facts and with or without supporting affidavits. The statement of material facts shall set forth in separately numbered paragraphs a concise statement of each material fact as to which the movant contends there is no genuine issue together with a citation to the portion of the motion record establishing the fact or demonstrating that it is uncontroverted. The citation shall identify the document and shall specify the pages and paragraphs or lines thereof or the

specific portions of exhibits relied on. A motion for summary judgment may be denied without prejudice for failure to file the required statement of material facts.

A party opposing the motion shall file a responding statement either admitting or disputing each of the facts in the movant's statement. Subject to *R.* 4:46–5(a), all material facts in the movant's statement which are sufficiently supported will be deemed admitted for purposes of the motion only, unless specifically disputed by citation demonstrating the existence of a genuine issue as to the fact. An opposing party may also include in the responding statement additional facts that the party contends are material and as to which there exists a genuine issue. Each such fact shall be stated in separately numbered paragraphs together with citations to the motion record.

In her application, Popwell has failed to comply with the procedural requirements of *R* 4:46–2. In addition, Popwell has presented no facts or legal authority that would allow this court to grant the relief she has requested. Further, there are genuine issues of material fact, relating to the issues of liability and damages, which necessitate a denial of Popwell's application. Accordingly, Popwell's motion must be denied at this time. I intimate no view as to the merits of defendants' argument that "the establishment of a failure ... to file a trial *de novo* in time does not necessarily equate to negligence nor is it sufficient in and of itself, to obtain an order for summary judgment," at least as to liability.

Pursuant to *N.J.S.A.* 2A:53A–26, an attorney admitted to practice law in the State of New Jersey is defined as a "licensed person." *N.J.S.A.* 2A:53A–27 provides that, with respect to certain actions against licensed professionals rooted in malpractice or negligence, a plaintiff must provide an affidavit of merit as a condition of maintaining the claim. In relevant part, the statute reads as follows:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following

the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause. The person executing the affidavit shall be licensed in this or any other state; have particular expertise in the general area or specialty involved in the action, as evidenced by board certification or by devotion of the person's practice substantially to the general area or specialty involved in the action for a period of at least five years. The person shall have no financial interest in the outcome of the case under review, but this prohibition shall not exclude the person from being an expert witness in the case.

Should a plaintiff fail to provide the required affidavit (or, in certain instances, a statement in lieu thereof pursuant to *N.J.S.A.* 2A:53A–28), *N.J.S.A.* 2A:53A–29 provides that such a failure "shall be deemed a failure to state a cause of action."

The purpose of the affidavit of merit is to "to require plaintiffs in malpractice cases to make a threshold showing that their claim is meritorious." *Watts v. Camaligan,* 344 *N.J.Super.* 453, 462, 782 *A.2d* 479 (App.Div.2001) (citing *In re Petition of Hall,* 147 *N.J.* 379, 391, 688 *A.2d* 81 (1997)). The court further stated that the failure to produce an affidavit of merit "shall be deemed a failure to state a cause of action," *Id.,* noting that, unlike the affidavit requirement of *N.J.S.A.* 2A:5A–29 ("AICRA"), failure to file an affidavit of merit in a malpractice case "goes to the heart of the cause of action as defined by the Legislature." *Id.* at 462–63, 782 *A.2d* 479 (citing *Cornblatt v. Barow,* 153 *N.J.* 218, 244, 708 *A.2d* 401 (1998)). In *Hyman Zamft and Manard, L.L.C. v. Cornell,* 309 *N.J.Super.* 586, 593, 707 *A.2d* 1068 (App.Div.1998), the court observed that, in determining whether or not to dismiss a legal malpractice claim for failure to file an affidavit of merit, courts must engage in a fact-sensitive inquiry to determine whether extraordinary circumstances exist so as to relax the filing requirement. In *Chamberlain v. Giampapa,* 210 *F.3d* 154, 162 (3rd Cir.2000), the Third Circuit, in interpreting New Jersey law and citing *Hartsfield v. Fantini,* 149 *N.J.* 611, 618, 695 *A.2d* 259 (1997), noted that "to find extraordinary circumstances, the court

must determine that those circumstances 'did not arise from an attorney's mere carelessness or lack of proper diligence.' "

Notwithstanding the language of the statute that appears to require the filing of the affidavit in all cases alleging professional malpractice, our Supreme Court has determined that the affidavit is *not* required in "common knowledge" cases when an expert will not be called, and is not necessary, to establish that the actions of the professional fell outside acceptable professional standards or practices. *Hubbard ex rel Hubbard v. Reed*, 168 *N.J.* 387, 774 *A.*2d 495 (2001); *Palanque v. Lambert–Woolley*, 168 *N.J.* 398, 774 *A.*2d 501 (2001). In the instant case, Popwell's allegation is that defendants' failure to file the application for a *de novo* proceeding within the time allowed by *R.* 4:21A–6(b)(1) resulted in the loss of her opportunity to seek judicial review of her claim.

Popwell has proffered no explanation for her failure to file an affidavit of merit as required by the statute. However, I do not need to reach the question of whether "extraordinary circumstances" exist to excuse the failure to file the affidavit of merit because I believe that, if established by the evidence, Popwell's allegations do not require the testimony of an expert in order to permit the jury to determine the issue of negligence. There is no dispute that, had defendants timely filed the application for a *de novo* hearing, Popwell would have had the opportunity to prove her claim in court. Judge Himmelberger denied the *de novo* application solely by reason of the late filing without a showing of "extraordinary circumstances." *Wallace v. JFK Hartwyck at Oak Tree, Inc.*, 149 *N.J.* 605, 609, 695 *A.*2d 257 (1997). This fact pattern does not require the assessment of a professional to permit a jury to determine negligence; the "threshold of merit can be determined on the face" of the allegation. *Palanque, supra,* 168 *N.J.* at 406, 774 *A.*2d 501. On these facts, "jurors' common knowledge as lay persons is sufficient to enable them, using ordinary understanding and experience, to determine a defendant's negligence without the benefit of the specialized knowledge of experts." *Hubbard, supra,* 168 *N.J.* at 394, 774 *A.*2d 495, citing

*Estate of Chin v. Saint Barnabas Med. Ctr.*, 160 *N.J.* 454, 469, 734 *A.*2d 778 (1999). Accordingly, the requirement of the filing of an affidavit of merit is not applicable in this matter, and defendants' application for a dismissal with prejudice is therefore denied.