818 A.2d 384 (2003)
358 N.J. Super. 40
Andrew VITTI, plaintiff,
v.
Michael E. BROWN, Martha, Crawley, John Schipani, John Does, Mary Does, ABC Partnerships and XYZ Corporations,
Superior Court of New Jersey, Law Division, Atlantic County.
Decided February 11, 2003.
*385 Richard J. Albuquerque, Atlantic City, for Plaintiff.
Steven Antinoff, Marlton, for Defendants Brown and Crawley.
TODD, III, WILLIAM C., P.J.Cv.
This is an action for damages for personal injury, pending in the Law Division. This opinion deals with a motion to extend the time for discovery filed after the time for discovery had expired and the matter had been scheduled for arbitration. That application is governed by the provisions of R. 4:24-1(c). In resolving the matter, the court is required to address the "exceptional circumstances" standard set forth in the rule. On that basis, the court has attempted to provide some definition to that term.
The complaint was filed December 3, 2001. The discovery end date was December 3, 2002. Some time ago, the matter was scheduled for mandatory non-binding arbitration on February 11, 2003. This motion to extend the time for discovery was filed January 22, 2003, more than six weeks after the discovery end date. It was returnable February 7, 2003, approximately four days before the scheduled arbitration. Defendants Brown and Crawley's motion was supported by a certification executed by defendants' counsel, which focused on prior settlement discussions involving plaintiff and a codefendant ("Schipani"), and attempted to explain defendants' failure to complete discovery earlier. Those negotiations occurred in the summer of 2002. Plaintiff initiated those negotiations with the representatives of codefendant Schipani. At one point codefendant Schipani's insurance carrier asked movant's carrier to contribute to a proposed settlement. That request was declined, and plaintiff reached a separate settlement with codefendant Schipani. A stipulation of dismissal was filed on September 10, 2002, confirming that settlement. Movant's attorney has now indicated he had concluded plaintiff would be willing to dismiss the claims asserted against his clients, based on the fact that *386 plaintiff had not made any specific demand as to them, suggesting that justifies defendants' failure to pursue discovery prior to the discovery end date. Defendants now ask for an extension of the time for discovery to permit the plaintiff to be deposed, and to permit time for a medical examination by a physician selected by defendants. That application was opposed. Plaintiff's counsel properly notes that neither plaintiff nor plaintiff's attorney did anything to suggest the claims asserted against movant were being abandoned. For the reasons noted below, the motion to extend the time for discovery is denied.
R. 4:24-1(c) is one of several rules that deal with the time permitted for discovery, many of which were amended effective in September 2000, as a part of the "Best Practices" initiative. It is important to understand the relationship among the various rules bearing on the issue presented here.
Prior to September 2000, the time permitted for discovery was governed by R. 4:24-1, which dealt with the matter in relatively simple terms. Discovery was to be completed as to each defendant within 150 days of the date of service of the original complaint on that defendant unless an order was entered before the expiration of that period expanding the time for discovery. The rule required notice and a showing of good cause. In a number of vicinages, differentiated case management programs had been implemented on an experimental basis. In those vicinages, cases were assigned to tracks and were given some additional time for discovery based on the track assignment. The time permitted for discovery in those programs generally ranged from 100 to 300 days, beginning with the issuance of the track assignment notice. Extensions were permitted, on motion. See the rules governing the Bergen and Camden differentiated case management programs appearing in the appendix to the 2000 Edition of the Rules Governing the Courts.
The rules were amended effective in September 2000, as a part of the "Best Practices" initiative. One new rule was enacted, as R. 4:5A, requiring that almost all civil actions filed in the Superior Court be assigned to one of four tracks. R. 4:24-1 was amended to provide discovery periods for each track and to deal more specifically with motions to extend the time for discovery. Notably, the time permitted for discovery was expanded substantially. Under the prior version of R. 4:24-1, discovery was permitted for a period of 150 days from the date of service of the complaint on the defendant in question. Under the new rules, the time for discovery ranges from 150 days for Track I cases to 450 days for Track III and Track IV cases. Under the new rules, the time for discovery does not begin to run until the date the first answer is filed or 90 days from the date the first defendant is served. In addition, the new rules permit an additional 60 days of discovery in each track, if consented to by the attorneys involved, without the filing of a formal motion. See R. 4:24-1(a) and R. 4:24-1(c) respectively. At the same time, R. 4:17-7 was amended, to require that any amendments to answers to interrogatories be provided at least 20 days prior to the end of discovery, and imposing more substantial restrictions on the right to offer such amendments after that time. Montiel v. Ingersoll, 347 N.J.Super. 246, 789 A.2d 190 (Law Div. 2001). R. 4:21A-1 was amended to provide that all cases subject to mandatory non-binding arbitration would be scheduled for arbitration no later than 60 days following the end of the applicable discovery period. It was clearly contemplated that discovery would ordinarily be completed *387 within the expanded periods allowed under the new rules. After September 2000, applications to extend the time for discovery should be the exception and not the rule.
It was in that context that the provisions of R. 4:24-1(c) dealing with motions to extend the time for discovery were amended in September 2000 and again in September 2002. As amended the rule now provides as follows:
Extensions of Time. The parties may consent to extend the time for discovery for an additional 60 days. Such extension may be obtained by signed stipulation filed with the court or by application to the Civil Division Manager or team leader, by telephone or by letter copied to all parties, representing that all parties have consented to the extension. A consensual extension of discovery must be sought prior to the expiration of the discovery period. Any telephone application for extension must thereafter be confirmed in writing to all parties by the party seeking the extension. If the parties do not agree or a longer extension is sought, a motion for relief shall be filed with the Civil Presiding Judge or designee in Track I, II, and III cases and with the designated managing judge in Track IV cases, and made returnable prior to the conclusion of the applicable discovery period. The court may, for good cause shown, enter an order extending discovery for a stated period, and specifying the date by which discovery shall be completed. The extension order shall also describe the discovery to be engaged in and such other terms and conditions as may be appropriate. Absent exceptional circumstances, no extension of the discovery period may be permitted after an arbitration or trial date is fixed. [R. 4:24-1(c).]
Obviously, the rule now requires a showing of good cause as a basis for any motion to extend the time for discovery returnable prior to the end of discovery, and a showing of exceptional circumstances as a basis for any motion presented after an arbitration or trial date is fixed. All matters are to be scheduled for arbitration or trial once the time for discovery is completed. This court has interpreted the rule as requiring a showing of exceptional circumstances whenever an application to extend the time for discovery is presented after the time for discovery has expired even if the matter has not yet been scheduled for arbitration or trial.
The exceptional circumstances requirement is new. The rule does not provide any specific definition for that term. Our appellate courts have not had occasion to address the matter in any published opinion. It is in that context that this court will attempt to provide some structure for the inquiry required by the rule.
The terms "good cause," "extraordinary circumstances," and "exceptional circumstances" have been used within our legal system in a variety of contexts. As to "good cause," see, e.g., R. 1:13-7(a) (reinstatement after dismissal for lack of prosecution), R. 1:40-6(d) (removal from mediation), R. 4:6-1(c) (extension of time for responsive pleading), R. 4:6-3 (deferral of preliminary hearings), R. 4:10-3 (protective orders), R. 4:21A-4(f) (relief from orders entered based on failure to appear for arbitration), and R. 4:43-3 (setting aside entry of default). With respect to "extraordinary circumstances," see, e.g., R. 1:4-8(b)(3) (law firm's joint liability for frivolous litigation sanctions), R. 1:8-6(a) (sequestration of juries), R. 4:38-2(b) (separate trials on liability and damages), and R. 4:41-1 (reference of hearing to a master). With respect to "exceptional circumstances," see, e.g., R. 1:13-7(a) (dismissal *388 for lack of prosecution), R. 4:10-2(d)(3) (discovery from experts not expected to testify at trial), R. 4:16-1(c) (use of deposition testimony of witness who is absent but not unavailable), R. 4:23-5(a) (dismissal with prejudice for failure to make discovery), R. 4:43-2(d) (failure to apply for judgment by default).
R. 4:24-1(c) provides some limitation on the discovery process. For that reason, it is appropriate to consider the role discovery plays in our system of justice.
Discovery has two basic but distinct functions. First, the discovery process provides various methods of obtaining information which might otherwise be unavailable from any number of sources. By way of example, individuals or entities not otherwise involved in the litigation may be required to submit to depositions or to provide copies of documents in their possession. That type of information may be necessary to prepare the proofs which will be presented at arbitration or trial. Sometimes that information may be obtained from one's adversary, but that is not always the case. In addition, some of our discovery procedures can be used to require one's adversary to provide disclosure as to positions being taken in the litigation, and just what will be presented at arbitration or trial. Interrogatories are typically used for that purpose. In some circumstances the types of discovery or disclosure just noted may be essential to one's ability to proceed. In most cases, discovery will be helpful in preparing for arbitration or trial.
By the same token, not all discovery is essential. There are costs associated with the discovery process which may not be justified given the specific circumstances at issue. Discovery can be expensive, in terms of the time required of attorneys, litigants and third parties, and in terms of out of pocket expenses. If not pursued promptly and efficiently, discovery can result in substantial delay. Indeed, our rules recognize that the discovery process can be abused in a variety of ways. See R. 4:10-3, permitting applications for protective orders where the discovery process is being used to embarrass or oppress an adversary, or where it involves undue burden or expense. It is generally appropriate to balance the value of having disputes resolved promptly, the benefit of providing for discovery and the costs involved in the discovery process.
For those reasons, many disputes are resolved through the court system with little or no discovery. That is true for most summary proceedings, which sometimes involve substantial rights. In the Family Division disputes over support, custody and domestic violence are often resolved with little or no discovery. Many landlord-tenant disputes are dealt with in the same fashion. In the Law Division any number of proceedings may be handled in a summary fashion pursuant to R. 4:67. The time allowed for discovery is often dependent on the amount in controversy, as evidenced by the rules governing practice in the Special Civil Part. See R. 6:4-5.
As already noted, the provisions of R. 4:24-1(c) requiring a showing of exceptional circumstances as a condition of obtaining an extension of the time for discovery after that time had expired were enacted as a part of the "Best Practices" initiative. The propriety of developing meaningful limitations on discovery was one basic concern of that initiative. The issue was previously discussed in this court's prior opinion in Montiel:
One clear focus of "Best Practices" was an attempt to deal with the problems previously presented as a result of litigants' failure to complete discovery in a timely fashion, the resulting delays *389 and the problems presented in scheduling cases for arbitration and/or trial on a meaningful basis. The rule amendments were intended to make arbitration a meaningful event by requiring all discovery to be completed within the appropriate discovery time. These concerns were discussed in a report prepared by the Conference of Civil Presiding Judges at the request of the Supreme Court when the enactment of "Best Practices" was first being considered. See Report of the Conference of Civil Presiding Judges on Standardization and Best Practices, 156 N.J.L.J. 80 (April 5, 1999). The following passage appears in that report, referring to one of the recommendations presented to the Supreme Court:
Recommendation 4.1. The rules should state the discovery period for each track, and make it clear that once the discovery period is over and an arbitration or trial date is set, no more discovery must occur, unless authorized by the court on a showing of "exceptional circumstances."
At present, it all too often happens that discovery continues well past the time a case is scheduled for trial, and such protracted discovery frequently necessitates the postponement of scheduled trial dates. This recommendation is intended to provide a "discovery cut-off", once the case has been scheduled for a dispositive court event. [Montiel, supra 347 N.J.Super. at 253-254, 789 A.2d 190 (quoting, Report of the Conference of Civil Presiding Judges on Standardization and Best Practices, 156 N.J.L.J. 80, 82 (April 5, 1999)).]
R. 4:24-1(c) requires a showing of "good cause" to support an application to extend the time for discovery that is heard before the time expires. After that time a showing of "exceptional circumstances" is required. Obviously, a more substantial showing is required to justify an extension of the time for discovery once that time has expired. As already noted, the term "good cause" has been used in a number of different contexts throughout the rules. Under the prior version of R. 4:24-1 good cause was required to justify any request for an extension of the time for discovery. The term was not defined in the prior version of the rule, but was addressed in one opinion published before the September 2000 amendment to the rule. See Packaging Industries Ltd. v. Hayduchok, 94 N.J.Super. 494, 229 A.2d 261 (App.Div.1967)(good cause justifying extension of discovery proceedings was not shown by fact of substitution of counsel).
Obviously the rule requires some specific showing before the time for discovery will be extended, even when the motion is presented within the original discovery period. It is not sufficient that specific discovery was not completed, or that counsel has some general desire to complete the discovery at issue. See Packaging Industries, Ltd., supra, 94 N.J.Super. at 498, 229 A.2d 261. Any attempt to establish either good cause or exceptional circumstances justifying a request to extend the time for discovery should address the reasons why discovery has not been completed within the applicable discovery period and counsel's diligence in pursuing discovery during that time. In addition there should be some showing that counsel has a legitimate and substantial need for the additional discovery requested. That was true under the prior version of R. 4:24-1, which required a showing of good cause. From this court's perspective, that is clearly consistent with the concerns which formed the basis for the rule amendments in question effective in September 2000.
*390 In this case, the more substantial "exceptional circumstances" standard applies. Again, that term is new. It did not appear in the prior version of R. 4:24-1. Indeed, the term "exceptional circumstances" has been used relatively infrequently in the rules. The term "extraordinary circumstances" has been used much more frequently. The terms "exceptional circumstances" and "extraordinary circumstances" are similar. It might even be argued they are interchangeable. In any event, the cases interpreting the term "extraordinary circumstances" are instructive. See Hartsfield v. Fantini, 149 N.J. 611, 619, 695 A.2d 259 (1997) (an attorney's mistake cannot give rise to extraordinary circumstances capable of relaxing the thirty-day limitations period for filing a demand for trial de novo after arbitration), and Wallace v. JFK Hartwyck at Oak Tree, Inc., 149 N.J. 605, 610, 695 A.2d 257, (1997) (same). See also Ricra v. Barbera, 328 N.J.Super. 424, 746 A.2d 68 (App.Div. 2000) (in the context of late filings, attorney carelessness does not qualify as extraordinary circumstances) and Martinelli v. Farm-Rite, Inc., 345 N.J.Super. 306, 785 A.2d 33 (App.Div.2001)(malfunction in computer system does not establish extraordinary circumstance required to extend time for filing of rejection of arbitrator's award).
In Flagg v. Township of Hazlet, 321 N.J.Super. 256, 728 A.2d 847 (App.Div. 1999), the appellate division discussed the proper definition of the term "extraordinary circumstances" in some detail, in dealing with another application to extend the time for the filing of a trial de novo. The following passage appears in that opinion:
Defendant's arguments belie a fundamental misunderstanding of the meaning of the term "extraordinary." This word, in common parlance, denotes something unusual or remarkable. The dictionary includes among its definitions of the word: "exceptional to a very marked extent: most unusual: far from common... rarely equaled: singular, phenomenal: strikingly impressive ... having little or no precedent and usually totally unexpected ...." Webster's Third New International Dictionary Unabridged 808 (1971). Defendant's claim here is nothing more than a claim of human error or carelessness which is part of the fabric of every day existence and which Wallace specifically rejected as "extraordinary." Even if the case is characterized as one involving lax attorney supervision of staff, Hartsfield has already declared that such circumstances are not "extraordinary." [Flagg v. Township of Hazlet, supra 321 N.J.Super. at 260, 728 A.2d 847]
The term "exceptional circumstances" has been addressed by the courts in another context. R. 4:50-1 deals with the showing required when a party asks for relief from the terms of a final judgment or order, detailing a number of specific reasons which might justify that relief. R. 4:50-1(f) is commonly referred to as the catchall provision of that rule. It permits relief from a final judgment or order not otherwise subject to the more specific sections of that rule for "any other reason justifying relief from the operation of the judgment or order." The courts have interpreted that portion of the rule as requiring a showing of exceptional circumstances. See Court Investment Co. v. Perillo, 48 N.J. 334, 341, 225 A.2d 352 (1966) ("the very essence of (f) is its capacity for relief in exceptional situations"). In that context, the courts have also had occasion to provide more specific definition to that term. See ibid. ("[I]n such exceptional cases its boundaries are as expansive as the need to achieve equity and justice.").
*391 In Housing Authority of Morristown v. Little, 135 N.J. 274, 639 A.2d 286(1994) the Supreme Court discussed the use of R. 4:50-1(e) and (f) in the following terms.
Courts should use Rule 4:50-1 sparingly, in exceptional situations; the Rule is designed to provide relief from judgments in situations in which, were it not applied, a grave injustice would occur [Id. at 289, 639 A.2d 286]
Obviously, a very substantial showing is required to justify a request to extend the time for discovery once a matter has been scheduled for arbitration or trial. By the same token, it is clear some circumstances will justify such an extension. Given the concerns at issue, this court is satisfied four inquiries are appropriate with respect to any such request, presented after the discovery end date. First, as with motions considered within the original discovery period, any application should address the reasons why discovery has not been completed within time and counsel's diligence in pursing discovery during that time. Any attorney requesting additional time for discovery should establish that he or she did make effective use of the time permitted under the rules. A failure to pursue discovery promptly, within the time permitted, would normally be fatal to such a request. Second, there should be some showing that the additional discovery or disclosure sought is essential, that is that the matter simply could not proceed without the discovery at issue or that the litigant in question would suffer some truly substantial prejudice. Third, there must be some explanation for counsel's failure to request an extension of the time for discovery within the original discovery period. Finally, there generally must be some showing that the circumstances presented were clearly beyond the control of the attorney and litigant seeking the extension of time. An excessive work load, recurring problems with staff, a desire to avoid the expense associated with discovery, or delays arising out of extended efforts to resolve a matter through negotiations will generally not be sufficient to justify an extension of time. Assuming each of those issues is adequately addressed, the court should permit additional time for discovery with appropriate limitations. On the other hand, assuming the movant fails to address any one of those issues, it would appear appropriate to deny the request for additional time. In that circumstance, it would be difficult to conclude that denying the request for additional time would result in a "grave injustice."
There may be any number of situations in which one may be able to establish exceptional circumstances relatively simply. There is one problem often encountered in personal injury litigation that illustrates that point. It is not unusual for a personal injury claimant to be involved in ongoing medical treatment or diagnosis, as litigation is proceeding through discovery, which might result in some sudden and unexpected change in the claimant's condition. Typically, a claimant may be presented with the need for surgery which had not been anticipated. To the extent those developments were reasonably anticipated during the discovery period, one would expect an application to extend the time for discovery to be filed before discovery ends. Assuming the additional treatment or new diagnosis truly requires discovery or disclosure, good cause could easily be established. Similarly, it would not be difficult to establish exceptional circumstances, if the treatment or diagnosis could not have been anticipated during the discovery period. In that circumstance, it could presumably be established that the attorney and litigant had no control over the situation. The failure to complete the discovery at issue within the original discovery *392 period and the failure to file the motion to extend within that time could be easily explained. Assuming the new treatment or diagnosis presents substantial issues, one could consider the additional discovery or disclosure essential to the proper presentation of the matter, justifying the conclusion that exceptional circumstances had been established.
Applying that analysis, the circumstances presented here are not exceptional. In simple terms, this problem arises out of counsel's failure to attend to the matter within the time for discovery. Defendants have not established any legitimate reason for the failure to complete discovery within the time permitted by the rules. There has been no showing that the additional discovery sought is truly essential. It would undoubtedly be helpful to defendants to be able to conduct plaintiff's deposition, and to have the plaintiff examined by a physician of defendants' choosing, but there has been no showing of any substantial prejudice. Defendants offered absolutely no explanation for the failure to file the motion to extend time within the original discovery period. Obviously, this is not a situation over which defendants had no control.
Defendants have failed to establish the exceptional circumstances required by R. 4:24-1, given the timing of this application. The motion to extend the time for discovery is denied. An appropriate order has been entered.