**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1542-20

ARLENE REMINGTON,

 Plaintiff-Appellant,

v.

VILLAGE OF RIDGEWOOD
and VERIZON NEW JERSEY,
INC.,

 Defendants-Respondents.

_____

Submitted January 24, 2022 – Decided February 1, 2022

Before Judges Fasciale and Sumners.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-4827-19.

Lynch Lynch Held Rosenberg, PC, attorneys for appellant (Neil S. Weiner, on the briefs).

McManimon, Scotland & Baumann, LLC, attorneys for respondent Village of Ridgewood (William W. Northgrave and Joshua H. Raymond, on the brief).

PER CURIAM

In this slip and fall case, plaintiff appeals from three orders. First, a February 5, 2021 order denying her timely motion to confirm a mandatory personal injury arbitration award. Second, a February 5, 2021 order (a) denying her motion to vacate a December 7, 2021 order granting defendant's summary judgment motion after the deadline for filing a trial de novo (TDN); and (b) then backdating summary judgment in defendant's favor to December 4, 2021, the last date for filing the TDN. And third, a February 16, 2021 dismissal order. Defendant could have but never filed a TDN. Plaintiff was, therefore, entitled to confirm the arbitration award. We reverse, remand, and direct the judge to enter an order confirming the award.

Plaintiff injured herself when she fell on defendant's property. On November 4, 2020, while defendant's motion for summary judgment was pending, the parties appeared for mandatory arbitration, resulting in a $75,000 award in plaintiff's favor. On Friday, December 4, 2020—the deadline for filing a TDN—the judge conducted oral argument on defendant's summary judgment motion. The judge did not decide the summary judgment motion that day. Instead, the judge stated she needed time to review her notes and was "hopeful that you'll have my order and decision on this case by next week," meaning after the deadline for filing a TDN.

On Monday, December 7, plaintiff filed her motion to confirm the arbitration award. Plaintiff could not have filed that motion sooner because the thirty-day deadline expired on Friday. Out of an abundance of caution, on December 7, plaintiff's counsel requested that the judge (who had not yet adjudicated defendant's summary judgment motion) withhold ruling on defendant's dispositive motion since plaintiff's counsel had filed the motion to confirm the award. Nevertheless, on December 7, the judge granted defendant's motion for summary judgment, which was consistent with her remarks on the return date of the motion that she would rule on it the following week.

On December 10, plaintiff filed a motion to vacate the December 7 order granting defendant's summary judgment motion. On January 8, 2021, the judge granted plaintiff's motion to vacate the December 7 summary judgment order as it was unopposed. Even though defendant had not filed a TDN, defendant later filed a motion to vacate the January 8 order and reinstate summary judgment in its favor. On February 5, 2021, the judge entered the orders under review without conducting oral argument. In reinstating summary judgment to defendant, she backdated the order to December 4—the last day defendant had to file a TDN.

A-1542-20

Plaintiff emphasizes defendant never filed a TDN and that a defendant must do so to reject a mandatory arbitration award. Plaintiff contends that defendant's filing for summary judgment and waiting for the judge to adjudicate such a motion does not toll the thirty-day deadline for filing a TDN. If defendant planned to reject the arbitration award, plaintiff asserts defendant was required to file a TDN. That was never done, even though defendant had the opportunity to do so because on the thirtieth day to file the TDN—which was also the return date of defendant's summary judgment motion—the judge clearly stated she would decide defendant's motion for summary judgment the following week. Plaintiff argues, therefore, the judge erred by denying her motion to confirm the award.

Plaintiff is correct in arguing that a party who seeks to reject an arbitration award must file a TDN with the Clerk of the Court within thirty days of the filing of the award. R. 4:21A-6(b)(1); N.J.S.A. 2A:23A-26. Rule 4:21A-6(b)(1) states that the action shall be dismissed after the arbitrator files an award unless:

> within [thirty] days after filing of the arbitration award, a party thereto files with the civil division manager and serves on all other parties a notice of rejection of the award and demand for a [TDN] and pays a [TDN] fee as set forth in paragraph (c) of this rule.

4

If a party fails to do so, the other party—here plaintiff—must file a motion to confirm the arbitration award within fifty days of the filing of the award to bind both parties to the award.[1]  R. 4:21A-6(b)(3).  Plaintiff complied with the rule in all respects.

In denying plaintiff's motion to confirm the award, the judge typed in the order that had she rendered a decision on December 4, "plaintiff could not have filed the motion to confirm the arbitration award."  While that is true, the fact is that the judge did not adjudicate the summary judgment motion on December 4. Indeed, the judge not only waited until the following week, but she also verified on December 4 that she expected to review her notes and decide the summary judgment motion by "next week," which is obviously after the deadline for filing a TDN.

Expecting a judge to grant summary judgment on the thirtieth day, especially when the judge herself stated on the record that she had hoped to

---

[1]  Plaintiff argues defendant also failed to demonstrate extraordinary circumstances for filing a TDN.  Under certain circumstances, a trial judge may extend the thirty-day deadline for filing a TDN, such as if extraordinary circumstances can be shown "and that those circumstances did not arise from attorney's 'mere carelessness' or 'lack of proper diligence.'"  Hartsfield v. Fantini 149 N.J. 611, 618 (1997) (quoting In re T., 95 N.J. Super. 228, 235 (App. Div. 1967)).  But here, defendant never filed or attempted to file a TDN, before or after the deadline.

5

release her decision the following week, does not relieve defendant from filing a TDN whatsoever, or somehow toll the deadline for filing the TDN. Defendant was obligated to file a TDN. See, e.g., Pellettieri, Rabstein & Altman v. Protopapas, 383 N.J. Super. 142, 148 (App. Div. 2006) (where the parties participated in mandatory arbitration and filed motions for summary judgment and a TDN); Cineas v. Mammone, 270 N.J. Super. 200, 202-03 (App. Div. 1994) (same).

Reversed and remanded with instructions to enter an order confirming the $75,000 arbitration award in plaintiff's favor. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION